Raymond Clinton MARSHALL *v.* STATE of Arkansas

CR 00-019 27 S.W.3d 392

Supreme Court of Arkansas
Opinion delivered September 28, 2000

*William R. Simpson, Jr.*, Public Defender; *Steve Abed*, Deputy Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant, Raymond Clinton Marshall, a habitual offender with a prior child-molestation conviction in another state, pleaded guilty to multiple child sexual-abuse charges in Arkansas, and following his conviction on those charges, a sentencing hearing was held to develop evidence of other factors, including aggravating and mitigating circumstances, relating to the imposition of sentences for these two new convictions. The issue in this case is whether appellant's status as a fugitive from an indictment for sexual solicitation of a child in that other state could appropriately be considered by the trial court as an aggravating circumstance in determining the sentence of appellant for multiple child sexual-abuse convictions in Arkansas. We con-

clude that, because the trial judge specifically stated that he would not be considering the indictment for purposes of a conviction or as evidence of guilt, appellant has not met his burden to overcome the presumption that the trial court will only consider competent evidence. Finding no error in the rulings of the trial court, we affirm.

Appellant Raymond Clinton Marshall was a twenty-seven-year-old employee of Skate Connection in Sherwood when he befriended a twelve-year-old boy who will be referred to as H.K. Sometime in the early part of July, 1997, appellant was allowed by H.K.'s grandmother to spend the night in the family home, where he performed oral sex on the child. For this crime, appellant was charged with the crime of rape.

Similarly, appellant met another twelve-year-old boy, D.S., at Skate Connection. On May 17, 1998, appellant offered to show the child pornography, rubbed his own genitals in the child's presence, and also rubbed D.S.'s genitals under his clothing. For this crime, appellant was charged with committing the act of sexual abuse in the first degree.

When these instances were reported to the Sherwood Police Department, their investigation uncovered a video camera that appellant had installed to videotape boys at the urinals in the restroom at the skating rink. Tape recordings of these scenes were found in appellant's living quarters in a backroom of the skating rink.

On May 4, 1999, appellant changed his plea to guilty on the charges alleged against these two victims, and the State introduced evidence of eleven prior felony convictions from the state of Georgia for purposes of establishing his status as a habitual offender. In 1990, on a charge of burglary, appellant received a sentence of twenty years, with seventeen years suspended. Also in 1990, in two different cases, appellant pleaded guilty to two additional counts of burglary and entering an automobile with intent to commit theft. He was sentenced to five years with three suspended for these charges. Again in 1990, appellant pleaded guilty to two counts of theft of a motor vehicle and received a sentence of ten years with seven suspended, and entered a plea to four counts of burglary, for which he was sentenced to five years, with two suspended. Then, in 1992, he was sentenced to twenty years in prison, with seventeen

suspended, for committing the crime of child molestation. The defense offered no objection to the introduction of evidence of appellant's prior convictions.

A sentencing hearing was held on June 7, 1999, and appellant was sentenced to life in prison for the rape of H.K. and to thirty years for the abuse of D.S., to be served concurrently. Appellant brings this appeal, seeking resentencing on the grounds that the trial court improperly considered inadmissible evidence and based his sentence on this evidence, in contravention of this court's holding in *Walls v. State*, 336 Ark. 490, 986 S.W.2d 397 (1999). We do not agree that *Walls v. State*, *supra*, which concerned a trial judge's statement at sentencing that he was holding the appellant responsible for crimes committed by another person, not a defendant before the court, should be extended to prohibit the admission of evidence of aggravating circumstances relating to appellant's status as a fugitive from a pending indictment in another state.

When sentencing is by the court, as was the case here, Ark. Code Ann. § 16-97-102 (Supp. 1999) provides that "when either party requests to present evidence relevant to sentencing, the court shall hear or receive such evidence and any rebuttal by the opposing party. . . ." *Id.* Evidence relevant to sentencing may include, but is not limited to, prior convictions of the defendant, victim-impact evidence or statements, relevant character evidence and evidence of aggravating and mitigating circumstance. Ark. Code Ann. § 16-97-103 (Supp. 1999). In sum, it is anticipated that the trial judge, when sitting as the sentencing body, will accept all *relevant* evidence on the question of sentencing. *Id.* It is presumed that a trial judge will only consider competent evidence. *Clinkscale v. State*, 269 Ark. 324, 602 S.W.2d 618 (1980). This presumption can be overcome only when there is an indication that the judge gave some consideration to inadmissible evidence. *Id.* The introduction of evidence during this stage must be governed by our rules of admissibility and exclusion; otherwise, these proceedings would not pass constitutional muster, which is all the more reason to permit appeal. *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994).

Specifically, appellant charges that the trial court erred in allowing the State to introduce evidence that appellant had been indicted by a grand jury in Georgia for the crime of enticing a child for indecent purposes, accusing him of soliciting oral sex from a

young boy, and that a bench warrant was outstanding for his return to Georgia to answer to these charges. Defense counsel objected to these documents when the State offered them for proof of his state of mind in fleeing the charges and as relevant to any possibility of rehabilitation. The trial court overruled the objection and noted that, "The court accepts it not as a conviction or not for purposes of guilt." Appellant contends on appeal that the trial court erred in admitting the evidence and then improperly relied upon it in pronouncing sentence.

Appellant bases his contention that the trial court improperly considered inadmissible evidence on the judge's comments at sentencing:

> Mr. Marshall, at this point this isn't even about you. It's at this point so far out of hand that it's about the kids. And the court is especially troubled by the fact that you had a case pending in Georgia at the time you left there. You fled rather than facing it, where you might have gotten some help or at least you would have been kept away from [D.S.] and [H.K.] But you consciously left the state of Georgia and you came here and you did these things with these children. And, therefore, the court has to make a determination. Not that the court has any malice towards you, period; but it's not about you at this point. It's about what we do to protect these children. Your interests no longer are on an even keel or of concern at this point.

* * * * *

> But at this point, since you will not even subject yourself to the jurisdiction of the state of Georgia by leaving there — that's why the court asked you that — this court has no choice but to take the steps to protect children — not you, but children.

██ In *Hill, supra,* this court held that a trial court has wide discretion in admitting evidence of other crimes or wrongs, and its decision will not be reversed on appeal absent an abuse of that discretion. *Id.* This is consistent with the United States Supreme Court's ruling in *Nichols v. State,* 511 U.S. 738 (1994):

> As a general proposition, a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to kind of information he may consider, or the source from which it may come. Traditionally, sentencing judges have considered a

wide variety of factors in addition to evidence bearing on guilt in determining what sentence to impose on a convicted defendant.

*Id.*

Appellant relies for reversal on our holding in *Walls v. State,* *supra,* where we remanded for resentencing following the trial court's admission of victim-impact testimony concerning the murder of the Stocks family by their son, Heath, who had been a victim of sexual abuse by Walls. The trial judge in *Walls,* in pronouncing sentence on the appellant, said:

> I do not have to believe Heath Stock's testimony that you told him to kill his [family] to know that he was your finest creation, and perhaps most vulnerable victim, and to know that he became what you taught him to be. I only know that, in the very least, you are indirectly responsible for the deaths of Joe, Barbara, and Heather Stocks.

*Id.*

The key difference between the trial court's pronouncement of sentence in the case *sub judice,* and the statements by the trial judge in *Walls,* was that in *Walls,* the court clearly stated that it was holding the appellant responsible for the deaths of the three members of the Stocks family, who were victims of murders committed by Heath Stocks. While Heath Stocks was a victim of sexual abuse at the hands of Walls, there was no assertion that Walls was the perpetrator of the crime of murder against the Stocks family. The trial court, in sentencing Walls, openly and clearly relied upon his belief that the murder of the Stocks family by Heath Stocks was attributable to Walls. By so ruling, the trial court erroneously considered evidence of crimes committed by Heath Stocks in sentencing Walls. This court held that evidence of a crime committed by another person was not proper victim-impact evidence and reversed.

■ ■ Here, however, the statement of the trial judge in sentencing appellant makes it clear that the court only considered appellant's status as a fugitive in admitting the evidence that appellant fled the grand jury's indictment in Georgia. With regard to that evidence of flight, the trial judge specifically noted that: "The court accepts it not as a conviction, or not for purposes of guilt." As this court noted in *Walls,* citing *U.S. v. Nichols, supra,* past

criminal behavior proven by a preponderance of the evidence may be considered by a sentencing court even where no conviction resulted. *Id. See also Buckley v. State*, 341 Ark. 803, 20 S.W. 3d 331 (2000)(at sentencing, evidence generally admissible under the Rules of Evidence concerning alleged prior drug-related activity by the appellant would be relevant as providing proof of the appellant's character, and as an aggravating circumstance under Ark. Code Ann. § 16-97-103(6); once guilt has been determined, additional evidence, even evidence regarding attempted crimes, may be admissible if it gives the sentencing body as much information as possible when it makes its sentencing decisions)). The State's introduction of the order from the Georgia Superior Court moving his pending case to the "dead docket" due to appellant's outstanding bench warrant proves by a preponderance of the evidence that the grand jury's charge of child solicitation was not resolved. As the trial judge noted contemporaneously with the admission of the evidence, the evidence was accepted not for purposes of establishing a conviction or guilt or innocence, but for determining his prospects for rehabilitation. We further note that in previous cases we have held the evidence of flight is admissible as evidence of guilt. *Gunter v. State*, 313 Ark. 504, 857 S.W.2d 156 (1993).

The validity and relevance of such evidence in the sentencing phase is borne out by appellant's own answers to the judge's questioning. When asked why he had left Georgia knowing that his presence was sought by the authorities there, appellant responded that he was "scared of prison" and "didn't want to go back" because the sex-offender treatment therapy offered there "didn't help me the first time." Appellant's own statement to the court that his previous treatment for pedophilia had been unsuccessful, as indicated by his repetition of the offense for which had previously been convicted, was relevant to the trial court's determination of the appropriate sentence; and, here, the trial court observed that life imprisonment was the only suitable sentence for the protection of others. We conclude that the trial court did not commit error by allowing evidence of appellant's status as a fugitive to be considered as an aggravator in the sentencing phase.

On appeal, appellant also challenges the admission at sentencing of photographs taken of his video surveillance equipment used to observe the children in the skating rink restroom and testimony that there were other victims here in Arkansas against

whom appellant committed sexual abuse that were not named in the charges against him. The photographs the State offered into evidence were taken at Skate Connection, depicting appellant's system for observing the boys' bathroom at the facility. Defense counsel objected on the grounds that these photographs were more prejudicial than probative, and the trial court overruled his objection. However, when the State moved to admit the photographs into evidence as State's exhibits, appellant responded, "No objection." While this was a bench sentencing, and as such is not subject to our usual requirements of contemporaneous objection because of the diminished risk of prejudice, *see Walls v. State, supra,* appellant here withdrew his prior objection with regard to the State's submission of the evidence. An argument is not preserved for appeal unless there has been an objection in the trial court. *Ayers v. State,* 334 Ark. 258, 975 S.W.2d 88 (1998).

 Similarly, appellant has failed to preserve his argument regarding testimony as to the existence of other victims. At the sentencing hearing, the State asked the investigating officer whether she had learned of other children molested by appellant at the skating rink. Defense counsel objected to this question, and the objection was sustained. It is a basic principle of law that where the appellant received the only relief he requested, he has no basis upon which to raise the issue on appeal. *Odum v. State,* 311 Ark. 576, 845 S.W.2d 524 (1993). When the State returned to that line of questioning, the prosecutor asked if there were other victims, and the officer answered, without objection by appellant, that there were other unnamed victims who had declined to come forward. When a party objects to a question when it is asked, but fails to object when it is repeated, the matter is not preserved for appeal. *Vaughn v. State,* 338 Ark. 220, 992 S.W.2d 785 (1999).

 Because we have determined that appellant has not met his burden to overcome the presumption that the trial court considered only competent evidence in pronouncing sentence upon him for convictions of rape and sexual abuse, we affirm.

Affirmed.