Tommy Joe CRAWFORD  *v.*  STATE of Arkansas

CR 04-1114                                       208 S.W.3d 146

Supreme Court of Arkansas
Opinion delivered May 12, 2005

Keith, Miller, Butler & Webb, PLLC, by: Andrew R. Miller, for appellant.

Mike Beebe, Att'y Gen., by: David R. Raupp, Senior Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant Tommy Joe Crawford was convicted by a jury of possession of drug paraphernalia with intent to manufacture methamphetamine and sentenced to forty years imprisonment. On appeal, Crawford's sole argument is that the circuit court erred in the sentencing phase of his trial when it admitted evidence of other drug offenses that occurred subsequent to the charged offense. We disagree and affirm the circuit court.

The record reveals that on March 12, 2001, two detectives, who had previously received information about a possible methamphetamine laboratory at the Crawford residence, decided to make contact with Crawford. Upon their arrival at the residence, Crawford came outside. The two detectives identified themselves, and Crawford invited them into his house. After entering the home, detectives noticed several chemicals sitting in plain view on the kitchen counter. When questioned about the chemicals, Crawford replied that he was in the process of remodeling, and the chemicals were being used to strip the kitchen cabinets. Subsequently, Crawford provided detectives with a written consent to search his home. Following a search of the home that revealed numerous items used in manufacturing methamphetamine, Crawford was arrested.

By an information containing two counts, Crawford was charged with manufacturing a controlled substance — methamphetamine — and possession of drug paraphernalia with intent to

manufacture methamphetamine. The jury found him guilty of the second offense. During the sentencing phase of his trial, the court allowed testimony by a detective about his contact with Crawford on two different occasions subsequent to the arrest date of March 12, 2001. More specifically, the detective testified that on May 29, 2001, he conducted another search of Crawford's house and found items used to manufacture methamphetamine. About one year later, on May 1, 2002, the detective once again seized similar items from Crawford's new residence. At the conclusion of the sentencing phase, the jury fixed his punishment at forty years' imprisonment. The only question on appeal concerns the admissibility of the detective's testimony about Crawford's subsequent drug offenses.

We assumed this case as it involves statutory interpretation and questions of law needing clarification. Ark. Sup. Ct. R. 1-2(b) (2004). A circuit court's decision to admit evidence in the penalty phase of a trial is reviewed for an abuse of discretion. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002). Issues of statutory interpretation, however, are reviewed *de novo*, as it is for us to decide the meaning of the statute. *Branscumb v. Freeman*, 360 Ark. 171, 200 S.W.3d 411 (2004). This court recently set forth its standard of review for statutory construction:

> When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language *Yamaha Motor Corp. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001); *Dunklin v. Ramsay*, 328 Ark. 263, 944 S.W.2d 76 (1997). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *ACW, Inc. v. Weiss*, 329 Ark. 302, 947 S.W.2d 770 (1997). When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999); *State v. McLeod*, 318 Ark. 781, 888 S.W.2d 639 (1994). This court is very hesitant to interpret a legislative act in a manner contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *Id*.

*Cave City Nursing Home, Inc. v. Arkansas Dep't of Human Servs.*, 351 Ark. 13, 21-22, 89 S.W.3d 884, 888-89 (2002).

Crawford contends that the detective's testimony about subsequent drug offenses was inadmissible at the sentencing phase of his trial because such evidence violates Ark. Code Ann. § 16-97-103 (Supp. 2003) and his due process rights under the Fourteenth Amendment of the U.S. Constitution. First, Arkansas Code Annotated § 16-97-103 provides a list of new evidence that may be admitted in the sentencing phase, although such evidence might not have been admissible during the guilt phase of the trial. *Buckley v. State, supra.* Section 16-97-103 states:

> Evidence relevant to sentencing by either the court or a jury *may include, but is not limited to,* the following, provided no evidence shall be construed under this section as overriding the rape shield statute, § 16-42-101:
>
> (1) The law applicable to parole, meritorious good time, or transfer;
>
> (2) Prior convictions of the defendant, both felony and misdemeanor. The jury may be advised as to the nature of the previous convictions, the date and place thereof, the sentence received, and the date of release from confinement or supervision from all prior offenses;
>
> (3) Prior judicial determinations of delinquency in juvenile court, subject to the following limitations:
>
> (i) That prior delinquency adjudications be subject to a judicial determination that the relevant value of the prior juvenile adjudication outweigh its prejudicial value;
>
> (ii) That consideration only be given to juvenile delinquency adjudications for crimes for which the juvenile could have been tried as an adult; and
>
> (iii) That in no event shall delinquency adjudications for acts occurring more than ten (10) years prior to the commission of the offense charged be considered;
>
> (4) Victim impact evidence or statements;
>
> (5) Relevant character evidence;

(6) Evidence of aggravating and mitigating circumstances. The criteria for departure from the sentencing standards may serve as examples of this type of evidence;

(7) Evidence relevant to guilt presented in the first stage;

(8) Evidence held inadmissible in the first stage may be resubmitted for consideration in the second stage if the basis for exclusion did not apply to sentencing; and

(9) Rebuttal evidence.

Ark. Code Ann. § 16-97-103 (emphasis added). The plain language of the above-quoted section indicates that, while evidence introduced during the sentencing phase may include evidence described in that section, the list is not exhaustive. In other words, the trial court is not obligated to limit evidence during the sentencing phase to only those categories listed under section 16-97-103. Crawford nonetheless argues that the detective's testimony about subsequent drug offenses is not admissible under either subsection (5) or subsection (6).

With respect to the admissibility of relevant character evidence under Ark. Code Ann. § 16-97-103(5), we first note Rule 404 of the Arkansas Rules of Evidence, which states:

(a) Character Evidence Generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of Accused*. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

(2) *Character of Victim*. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

(3) *Character of Witness*. Evidence of the character of a witness, as provided in Rules 607, 608, and 609.

(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person

in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404 (2004). Although this court has held that our rules of admissibility and exclusion must govern the introduction of evidence in the sentencing phase of trials, *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994), we have also stated that, pursuant to Ark. Code Ann. § 16-91-103, certain evidence is admissible at sentencing which would not have been admissible at the guilt phase of the trial. *Buckley v. State, supra.*

■ Section 16-97-103(5) generally permits the admission of relevant character evidence at sentencing; whereas, Ark. R. Evid. 404 provides that character evidence is not admissible, except as otherwise permitted under the rule. Thus, character evidence that might not be admissible at the guilt phase could, under Ark. Code Ann. § 16-97-103(5), be admissible at sentencing. In the instant case, evidence of Crawford's subsequent drug activity provided proof of his character and was relevant to the jury's determination of an appropriate punishment.

■ Next, Crawford argues that the detective's testimony was not admissible under Ark. Code Ann. § 16-97-103(6). Section 16-97-103(6) states that evidence of aggravating and mitigating circumstances may be admissible in the sentencing phase of the trial. Under that subsection, the criteria for departure from the sentencing standards *may* serve as examples of this type of evidence. Such criteria are listed in Ark. Code Ann. 16-90-804, which states in part:

> (d) The following is a nonexclusive list of factors which may be used as reasons for departure:
>
> (1) Mitigating factors:
>
> (A) While falling short of a defense, the victim played an aggressive role in the incident or provoked or willingly participated in it;
>
> (B) While falling short of a defense, the offender lacked substantial capacity for judgment because of physical or mental impairment. Voluntary use of drugs or alcohol does not fall within this factor;

(C) The offender played a minor or passive role in the crime;

(D) Before detection, the offender compensated or made a good faith effort to compensate the victim for any damage or injury sustained;

(E) The offense was principally accomplished by another person, and the offender manifested extreme caution or sincere concern for the safety or well-being of the victim;

(F) The offender or the offender's children suffered a continuing pattern of physical or sexual abuse by the victim of the offense, and the offense is a response to that abuse;

(G) The operation of the multiple offense policy results in a presumptive sentence that is clearly excessive in light of the purpose of this chapter;

(H) Before detection in sexual offenses, the offender has voluntarily admitted the nature and extent of the sexual offense and has sought and participated in professional treatment or counseling for such offenses;

(I) Upon motion of the state stating that the defendant has made a good faith effort to provide substantial assistance to the investigation or prosecution of another person who has committed an offense, the circumstances listed below may be weighed as mitigating factors with respect to the defendant's offense:

(i) The timeliness of the defendant's assistance;

(ii) The nature and extent of the defendant's assistance;

(iii) The truthfulness, completeness, and demonstrable reliability of any information or testimony provided by the defendant.

(2) Aggravating factors:

(A) The offender's conduct during the commission of the current offense manifested deliberate cruelty to the victim exhibited by degrading, gratuitous, vicious, torturous, and demeaning physical or verbal abuse, unusual pain, or violence in excess of that necessary to accomplish the criminal purpose;

(B) The offender knew or should have known that the victim was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health;

(C) The current offense was a major economic offense or series of offenses, so identified by a consideration of any of the following factors:

(i) The current offense involved multiple victims or multiple incidents per victim;

(ii) The current offense involved attempted or actual monetary loss substantially greater than typical for the offense;

(iii) The current offense involved a high degree of sophistication or planning or occurred over a lengthy period of time;

(iv) The defendant used his or her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense. This factor does not apply if it constitutes an element of the crime;

(v) The defendant has been involved in other conduct similar to the current offense as evidenced by the findings of civil or administrative law proceedings or the imposition of professional sanctions.

Ark. Code Ann. § 19-90-804(d). Much like Section 16-97-103, section 19-90-804 clearly indicates the list of factors is not exclusive. Certainly evidence of subsequent activity involving items used in the manufacture of methamphetamine demonstrates Crawford's propensity to continue engaging in similar transactions in the future. Such evidence would be relevant to sentencing as an aggravating circumstance. *See also Williams v. State,* 338 Ark. 97, 991 S.W.2d 565 (1999); *Hill v. State,* supra; *Davis v. State,* 60 Ark. App. 179, 962 S.W.2d 815 (1998).

█ In determining whether evidence of other offenses is admissible in criminal trials, we have stated that the date of the offense is immaterial for sentence enhancement purposes under the habitual criminal statute, Ark. Code Ann. § 5-4-501 (Supp. 2003); that is, prior convictions based on offenses that occurred after the charged offense may be used to enhance a defendant's sentence. *Beavers v. State,* 345 Ark. 291, 46 S.W.3d 532 (2001). *See also*

*Williams v. State, supra* (prior felony conviction admissible regardless of whether the underlying felonious conduct occurred before or after the charged offense.) We have also allowed evidence of subsequent offenses to be admitted during the guilt phase of a criminal trial. *Hernandez v. State*, 331 Ark. 301, 307, 962 S.W.2d 756, 759 (1998) ("In several cases involving the pedophile exception, we have admitted evidence of another crime which occurred over a year prior or subsequent to the crime with which the appellant was charged."); *Bragg v. State*, 328 Ark. 613, 946 S.W.2d 654 (1997) (subsequent offense admissible as it fell within the purview of Rule 404). *See also Collins v. State*, 304 Ark. 587, 804 S.W.2d 680 (1991) and *Parker v. State*, 300 Ark. 360, 779 S.W.2d 156 (1989). In addition, this court has held that evidence of flight subsequent to the crime was admissible during the sentencing phase of the trial. *Skiver v. State*, 336 Ark. 86, 99, 983 S.W.2d 931, 938 (1999)(per curiam). In sum, all relevant evidence on the question of sentencing may be considered by the sentencing body. *Marshall v. State*, 342 Ark. 172, 27 S.W.3d 392 (2000). Such evidence may include evidence on the issue of rehabilitation. *Id.* Here, evidence of Crawford's subsequent drug offenses was relevant at sentencing in connection with the possibility of rehabilitation.

In fact, for us to hold that subsequent criminal offenses are generally inadmissible during the sentencing phase of a trial would inevitably provide more protection to a defendant at the sentencing phase than during the guilt phase of the trial. As stated earlier, subsequent criminal offenses may be admissible under Rule 404 during the guilt phase of the trial. *Hernandez v. State, supra; Bragg v. State, supra; Collins v. State, supra*; and *Parker v. State, supra*. To exclude evidence of subsequent offenses at sentencing would in fact defeat the purpose of the sentencing statutes, which is to allow the court or a jury to consider all evidence relevant to sentencing, even if such evidence would not have been admissible at the guilt phase. *Buckley v. State, supra*. We therefore cannot say that the circuit court abused its discretion in admitting subsequent drug offenses during the sentencing phase of Crawford's trial.

For his constitutional argument, Crawford claims that his due process rights under the Fourteenth Amendment of the U.S. Constitution were violated because the jury was not instructed on the burden of proof imposed upon the State for proof of subsequent offenses to be considered by the jury in assessing punish-

ment. However, Crawford failed to make this argument before the circuit court. We do not entertain arguments made for the first time on appeal. *Barrett v. State*, 354 Ark. 187, 119 S.W.3d 485 (2003). In his reply brief, Crawford suggests that despite his failure to make the argument below, *Wicks v. State,* 270 Ark. 781, 606 S.W.2d 366 (1980) requires that we address his constitutional claim.

The *Wicks* court recognized four exceptions to our fundamental rule that an argument for reversal will not be considered in the absence of an appropriate objection in the trial court. *Wicks v. State*, 270 Ark. at 785, 606 S.W.2d 369-70. The Wicks exceptions are: (1) when the trial court fails to bring to the jury's attention a matter essential to its consideration of the death penalty itself; (2) when defense counsel has no knowledge of the error and hence no opportunity to object; (3) when the error is so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to intervene and correct the error either by admonition to the jury or by ordering a mistrial; and (4) on the basis of Ark. R. Evid. 103(d), which provides that "nothing in this rule precludes taking notice of errors affecting substantial rights although they were not brought to the attention of the court." *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002)(citing *Wicks v. State, supra*).

Crawford contends that his constitutional claim should be addressed on appeal under the fourth *Wicks* exception. In *Buckley v. State, supra*, we addressed a similar argument. In declining to apply the fourth *Wicks* exception, we held that Rule 103(d) of the Arkansas Rules of Evidence is, as the *Wicks* court noted, "negative, not imposing an affirmative duty" on the court. *Id.* at 66, 76 S.W.3d at 833. Because this issue deals with evidentiary rulings by the trial court, which are subject to an abuse-of-discretion standard, the *Buckley* court held that such rulings "simply must be raised below before this court will consider them on appeal." *Id.* In any event, we note that Crawford's preliminary objection to the detective's testimony was brought to the attention of the circuit court. That objection, however, was not based upon the constitutional grounds Crawford now asserts on appeal. We have narrowly defined the exceptions outlined in *Wicks*, and we decline to expand those exceptions where Crawford simply failed to make a proper, contemporaneous objection at trial. *Alexander v.*

*State*, 335 Ark. 131, 983 S.W.2d 110 (1998). Consequently, we conclude that Crawford's constitutional challenge is not preserved for appellate review.

Affirmed.