2010 Ark. App. 154

**Randy Paul BROWN, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–441.**

Court of Appeals of Arkansas.

Feb. 17, 2010.

J. Brent Standridge, The Law Offices of J. Brent Standridge, P.A., Benton, for appellant.

Dustin McDaniel, Attorney General, Eileen W. Harrison, Assistant Attorney General, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Randy Paul Brown appeals his November 24, 2008 conviction in the Saline County Circuit Court and the denial of his post-trial motion for relief filed January 21, 2009. He contends on appeal that the trial court erred in permitting thirty-five-year-old, uncharged-misconduct evidence to be admitted during the sentencing phase of the trial, in not granting him a reduction in sentence, and in denying his motion for post-trial relief. We affirm appellant's conviction, but reverse and remand for resentencing in accordance with this opinion.

*Facts*

An information was filed on November 2, 2007, charging appellant with five counts of sexual assault in the second degree. These charges were the result of the victim, eight-year-old[2] B.R., accusing appellant, her sixty-year-old neighbor, of inappropriately touching her. At trial, B.R. testified that she began helping appellant in his garden. After spending more time with him, he started kissing her, placing his hands under her shirt and down her pants. She described that much of this conduct occurred in appellant's house in front of a partially-hidden mirror in the laundry room. She testified that, at one point, she was lying face down on the floor in appellant's den while playing with his dog. Appellant climbed on top of her and began moving backward and forward, breathing heavily. She explained that the sexual assaults began when she was seven-years old, but she did not tell her parents until appellant kissed her "pee pee" and her confusion about the situation gave way to the realization that the behavior was wrong. She eventually told her mother, who then told her father.

B.R.'s mother testified that the child begged her parents not to tell anyone because she was embarrassed. B.R.'s father testified that he confronted appellant, who stated, "I have been taking some medi-

cation that got me acting crazy ... I didn't know what I was doing ... I'm sixty-years old ... I'm too old to go to jail." B.R.'s parents subsequently notified police, and charges were brought against appellant.

Prior to trial, appellant filed a motion in limine seeking to exclude Rule 404(b) evidence consisting of the testimony of Lou Ann Turri concerning an alleged sexual assault on her by appellant occurring thirty-five years prior to trial in the instant case.[1] Ark. R. Evid. 404(b) (2009). The motion was granted excluding the evidence from the guilt-innocence phase of the trial. The State dismissed four of the five pending counts against appellant, and the trial proceeded on one count of sexual assault in the second degree.

Appellant moved for directed verdict at the close of the State's case and again at the close of all evidence, and the trial court denied those motions. The jury returned a verdict finding appellant guilty of the charge. The State then informed the trial court that it was going to call Lou Ann Turri to testify during the sentencing phase of the trial. Appellant objected, and after hearing a proffer of Ms. Turn's testimony and arguments of counsel, the trial court overruled the objection.

During the sentencing phase, Ms. Turri testified about the alleged sexual assault perpetrated upon her by appellant. Also, B.R.'s parents testified regarding the effects of the sexual assault on their daughter and family. Finally, appellant's son testified as to his father's professional and exemplary service in the military and his lack of any criminal record. The jury returned a verdict recommending that appellant receive the maximum sentence of twenty years' imprisonment in the Arkansas Department of Correction. The trial court accepted the recommendation and sentenced appellant accordingly.

Appellant filed a motion for post-trial relief arguing that his sentence should be reduced pursuant to the trial court's discretion under Arkansas Code Annotated section 16–90–107(e) (Repl.2006), because the jury's verdict of the maximum sentence could only have occurred as a result of passion and prejudice brought on by Ms. Turri's testimony. Further, he argued that pursuant to Arkansas Code Annotated section 16–89–130(c)(7) (Repl. 2006), he should be granted a new trial as to sentencing because he did not receive a fair and impartial sentencing proceeding. He claimed that Ms. Turri's testimony was not relevant and its probative value was substantially outweighed by the danger of unfair prejudice, as evidenced by appellant's receiving the maximum sentence from the jury. Finally, he argued that the guilty verdict was contrary to the law and evidence, claiming that the evidence was insufficient to convict him. The trial court denied appellant's motion, overruling all three arguments. This appeal timely followed.

### Sufficiency

Appellant's claim that the verdict was contrary to the law and evidence is a

---

1. Ms. Turri recounted being thirteen years old and staying for one month with her cousin, appellant's wife, while appellant was stationed in California. She testified that when appellant came home for a weekend visit and Mrs. Brown was gone to church, appellant began kissing her and she moved away from him. He felt her breasts, and she moved away again. She went into the bedroom she was staying in, and appellant followed her. He positioned himself on top of her on the bed and was feeling her breasts. When he started to stick his hand down her pants, she panicked and told him she had to go to the bathroom. She stayed there until Mrs. Brown came home. She did not tell anyone of the incident for about twenty years. She claimed that she came forward with the information after having been told of appellant's arrest by a family member.

sufficiency-of-the-evidence claim. *See Boren v. State*, 297 Ark. 220, 761 S.W.2d 885 (1988). A challenge to the sufficiency of the evidence asserts that the verdict was not supported by substantial evidence. *See Sales v. State*, 374 Ark. 222, 289 S.W.3d 423 (2008); *Flowers v. State*, 373 Ark. 127, 282 S.W.3d 767 (2008). Substantial evidence is evidence of sufficient force and character that without resorting to speculation and conjecture compels with reasonable certainty a conclusion one way or the other. *Sales, supra.* On appeal, this court does not weigh the evidence presented at trial, as that is a matter for the fact-finder, nor do we assess the credibility of the witnesses. *See Woods v. State*, 363 Ark. 272, 213 S.W.3d 627 (2005). We review the evidence in a light most favorable to the State and consider only the evidence that supports the verdict, and we will affirm where the record reveals that substantial evidence sustains the verdict. *See id.*

The credibility of witnesses is an issue for the jury and not the court. *Phillips v. State*, 344 Ark. 453, 40 S.W.3d 778 (2001). The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* We will disturb the jury's determination only if the evidence did not meet the required standards, thereby leaving the jury to speculation and conjecture in reaching its verdict. *Id.* When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it. *Id.*

Appellant contends that the trial court erred in denying his motion for post-trial relief because the verdict was con-

trary to the law and evidence, citing Arkansas Code Annotated section 16–89–130(c)(5).[2] He submits that the trial court's denial of a motion for new trial should be reviewed pursuant to an abuse-of-discretion standard. *Newberry v. State*, 262 Ark. 334, 557 S.W.2d 864 (1977). He admits that the victim testified that he had sexual contact with her. However, he claims that the reasons to doubt her testimony stem directly from the influence her parents had over her.

He asserts that the evidence showed that the parents filed a civil suit against him and that they were in financial straits. Further, he claims that it is evident that the victim's father was trying to extort money from him given the substantial and unreasonable delay in reporting the incident to authorities and the discussion that occurred between appellant and the father, where the father decided to delay his decision on what he was going to do. He argues that the parents' testimony shows that they were confused about the specific dates when important events occurred. He claims that when no money was forthcoming, the parents then decided to make a report to the police that their child had been sexually assaulted. Therefore, he claims that the verdict was contrary to the law and evidence and should be set aside.

A child's testimony describing where she was inappropriately touched need not be corroborated to be sufficient evidence to support a conviction for sexual assault. *E.g., McGalliard v. State*, 306 Ark. 181, 813 S.W.2d 768 (1991). Here, the child testified in great detail as described above. Further, her father testified that appellant did not deny the allega-

---

2. Even though appellant states this point as his third on appeal, we address it first because double-jeopardy considerations require this court to consider a challenge to the suffi-ciency of the evidence prior to other assignments of trial error. *Benjamin v. State*, 102 Ark.App. 309, 285 S.W.3d 264 (2008).

tion when confronted, stating, "I have been taking some medication that got me acting crazy . . . I didn't know what I was doing . . . I'm sixty-years old . . . I'm too old to go to jail." The child's testimony alone is sufficient to support the verdict. Moreover, her testimony was corroborated by the tacit admission of appellant. Apparently, the jury found them both credible. Because the verdict was supported by substantial evidence, we affirm the conviction.

*Evidence Admitted in Sentencing Phase*

Appellant also claims that the trial court erred in permitting thirty-five-year-old, uncharged-misconduct evidence to be admitted during the sentencing phase of the trial. We agree with appellant's argument. The admissibility of Ms. Turri's testimony was argued at three separate points during the proceedings. The trial court excluded the testimony in the guilt-innocence phase of the trial, finding that the evidence would be more prejudicial than probative. The trial court noted the differences between the two events and found that they were not sufficiently similar to be admissible, coupled with the fact that the events were separated by great space in time. However, the trial court allowed the evidence to be admitted during the sentencing phase on the basis that it would be relevant character evidence. The trial court refused to alter its ruling after hearing arguments related to appellant's post-trial motion for relief, where he claimed that he should receive a new sentencing proceeding because Ms. Turri's testimony should not have been allowed.

We apply an abuse-of-discretion standard to a trial court's decision to admit evidence in the penalty phase of a trial. *See Crawford v. State,* 362 Ark. 301, 208 S.W.3d 146 (2005). Arkansas Code Annotated section 16–97–103 (Repl.2006) provides in pertinent part:

Evidence relevant to sentencing by either the court or a jury may include, but is not limited to, the following:

. . .

(5) Relevant character evidence;

(6) Evidence of aggravating and mitigating circumstances. The criteria for departure from the sentencing standards may serve as examples of this type of evidence;

. . .

(8) Evidence held inadmissible in the first stage may be resubmitted for consideration in the second stage if the basis for exclusion did not apply to sentencing[.]

The Arkansas Rules of Evidence apply during the penalty or sentencing phase of trial. *Buckley v. State,* 349 Ark. 53, 76 S.W.3d 825 (2002). Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. R. Evid. 401 (2009). Pursuant to section 16–97–103, certain evidence is admissible at sentencing that would not have been admissible at the guilt phase of the trial. *Buckley, supra.*

Evidence of uncharged and subsequent misconduct has been held admissible as relevant to sentencing. *See, e.g., Rhodes v. State,* 102 Ark.App. 73, 281 S.W.3d 758 (2008) (fifteen-year-old girl's testimony that she also had been raped by appellant—for which appellant was not on trial—was admissible during penalty phase of trial as relevant evidence of appellant's character); *Davis v. State,* 60 Ark.App. 179, 962 S.W.2d 815 (1998) (finding no error in trial court's admission of prior, uncharged misconduct during sentencing phase); *Crawford, supra* (evidence of sub-

sequent drug offenses admissible during sentencing).

 Past criminal behavior proven by a preponderance of the evidence may be considered by a sentencing court even where no conviction resulted. *Marshall v. State*, 342 Ark. 172, 27 S.W.3d 392 (2000). Thus, a broad range of evidence has been held to be admissible during the sentencing phase of trials. However, the admission of evidence in the sentencing phase of a criminal trial is not boundless. *See Walls v. State*, 336 Ark. 490, 986 S.W.2d 397 (1999) (where the supreme court noted that it was unfair for the sentencing judge to consider an uncharged, unproven crime for sentencing purposes).

Appellant argues that Ms. Turri's testimony was inadmissible in the sentencing phase for the same reasons it was at the guilt-innocence phase—it was too remote in time and given the dissimilarities between the uncharged misconduct and the evidence concerning the assault at issue, whatever probative value the evidence may have had was substantially outweighed by the danger of unfair prejudice. Appellant further contends that the evidence proved prejudicial, as appellant received the maximum term of imprisonment. *See Townsend v. State*, 308 Ark. 266, 824 S.W.2d 821 (1992). Appellant claims that it is clear that the evidence was so remote that the jury could have found that appellant had engaged in bad behavior for the many years in the interim.

Appellant also argues that the admission of evidence here was inconsistent with *Rush v. State*, 324 Ark. 147, 919 S.W.2d 933 (1996), wherein it was held that error occurred when the trial court allowed the State to offer evidence underlying a prior conviction to the jury in the penalty phase of a trial. He contends that if the conclusion in *Rush* is compelling in a case where there was at least a trial with all its attendant protections and a resulting conviction, which was never overturned, that conclusion is no less compelling in a case involving an unsubstantiated, uncorroborated, un-investigated, unreported, and uncharged sexual-assault allegation occurring some thirty-five years prior to the offense for which appellant was standing trial. We agree.

The State argues that the trial court properly admitted the evidence. It claims that the probative value of character evidence is heightened when a jury is instructed that it may consider an alternative sentence, such as probation, as was done here. It further argues that this is true because factors relevant to a consideration of probation include whether there is undue risk that the defendant will commit another offense; if defendant's conduct was the result of circumstances unlikely to recur; and if the character of the defendant is such that he would be unlikely to commit another offense. *See* Ark.Code Ann. § 5–4–301(b)(1) and (c)(8)(9) (Repl. 2006).

The State further contends that aggravating circumstances, as set forth in Arkansas Code Annotated section 16–97–103, encompasses any circumstance that increases the enormity of an offense or adds to its injurious consequences, but which is above and beyond the essential constituents of the offense itself. *E.g., Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994). The State claims that evidence of similar criminal activity can be considered an aggravating factor because it shows the defendant's propensity to engage in the same activity in the future. *Id.*

The State also argues that the pedophile exception is applicable during the sentencing phase of the trial. *See Crawford, supra.* The pedophile exception allows what might otherwise be inadmissible evidence

to become admissible in child abuse and incest cases. *E.g., Clark v. State,* 323 Ark. 211, 913 S.W.2d 297 (1996). Therefore, the State argues that, pursuant to the standards as set forth above, the trial court did not abuse its discretion by admitting Ms. Turri's testimony. It claims that the testimony was relevant character evidence in that it demonstrates the depraved instinct of appellant and shows that his crime was not the result of circumstances that are unlikely to recur in the future. The State contends that the incident Ms. Turri described was similar in conduct as that described by B.R., as both were little girls that appellant kissed and fondled.

The State cites *MacKool v. State,* 365 Ark. 416, 456, 231 S.W.3d 676, 705 (2006), where the Arkansas Supreme Court held that evidence of a thirty-two-year-old investigation of the defendant was admissible in the sentencing phase of the trial as relevant character evidence. There, a homicide detective testified that he had interviewed the defendant during a 1972 investigation of the death of a fourteen-year-old boy. *Id.* The detective then read a statement to the jury that he had taken from defendant in 1972, where defendant described kicking the victim after the victim had thrown up in defendant's car. *Id.* After reading the statement, the detective confirmed that the victim had died as a result of the incident. *Id.* The distinction here is that the thirty-two-year-old evidence was a statement made by the defendant himself, and not an allegation by the victim. Further, the statement was a result of a formal complaint that was investigated by police. However, the evidence at issue before us was not a statement given during an investigation, but an uncorroborated allegation from the victim of an alleged bad act that occurred more than thirty years in the past.

The State also argues that *Crawford,* rather than *Rush,* is the case upon which we should rely. In *Crawford,* the supreme court allowed subsequent criminal conduct to be admitted during the sentencing phase of the trial as an aggravating factor. *See Crawford,* 362 Ark. at 305, 208 S.W.3d at 149. The State contends that Ms. Turri's testimony was relevant here to show aggravating circumstances because it demonstrated appellant's propensity to take advantage of children who are under his care.

However, *Crawford* can be distinguished in that the subsequent crime, even though it had not been adjudicated, was close in time to the charged offense. Ms. Turri's testimony was of an event that was extremely remote in time—thirty-five years. Further, the pedophile exception had been analyzed by the trial court in its ruling on the motion in limine before the guilt-innocence phase of the trial. The circumstances were different in that the ages were dissimilar and the appellant had authority over Ms. Turri, but arguably, not of his neighbor.

In *Rush,* the court held that the State may only introduce general evidence of prior convictions and may not attempt to retry a previous case through the introduction of testimony. *Rush,* 324 Ark. at 152–53, 919 S.W.2d at 936–37. The *Rush* court stated:

Here, proof of aggravating circumstances is not at issue. Rather, the issue is how to appropriately advise the jury of the nature of a previous conviction. We hold that live testimony from a victim of a crime which occurred five years earlier goes far beyond advising the jury of the nature, or general character, of that conviction. A certified copy of the information and judgment of conviction would have easily sufficed. There are substantial policy consider-

ations involved in holding as we do today. First, a defendant should not be forced to defend a second time against a previous charge and conviction. Nor should a defendant be permitted to offer testimony in mitigation of an earlier conviction. Secondly, judicial economy factors into our decision because cross-examination will inevitably follow direct examination of a victim, as it did in the instant case, and the spectre of a trial within a trial looms large. We can see how allowing mini trials of a crime five years later could work to the disadvantage of both the State and the defense. Witnesses could disappear, evidence could be lost, and memories could fade. Without clear direction from the General Assembly that advising the jury of the nature of the previous conviction entails live testimony from victims of those crimes, we decline to interpret the statute as permitting it. For that reason we reverse the sentence and remand this case for the limited purpose of resentencing.

*Id.* at 153–54, 919 S.W.2d at 936.

■ The State argues that *Rush* is inapposite because it addresses the introduction of extraneous testimony about prior convictions and is applicable to an interpretation of the term "nature" of a previous conviction. *Id.* at 151, 919 S.W.2d at 934–35. The State argues that here, there is no prior conviction, but evidence of uncharged conduct. However, that argument goes to the heart of this court's concern. There was no record of conviction that could have been introduced, as was the case in *Rush*. Here, the evidence admitted over appellant's objection was at least thirty-five years old, had not been investigated, and had not been charged. The protections mentioned by the court in *Rush* are all the more applicable in a situation where the defendant

had not been charged, much less convicted. To have allowed this evidence in under the guise of aggravating circumstances was an abuse of discretion. Accordingly, we reverse and remand for resentencing.

### Reduction of Sentence

Appellant argues that the trial court erred in not granting him a reduction in sentence, pursuant to Arkansas Code Annotated section 16–90–107(e), in that the jury's recommendation of sentence occurred as a result of passion and prejudice. However, because we reverse and remand for resentencing, we need not address this issue.

Affirmed in part; reversed and remanded in part.

MARSHALL, J., agrees.

BAKER, J., concurs.