

2017 Ark. 39

# SUPREME COURT OF ARKANSAS
No. CR–16–827

| | | |
|---|---|---|
| | | **Opinion Delivered:** February 16, 2017 |
| RICHARD SHRECK | | |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-14-827] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Richard Shreck appeals the circuit court's ruling admitting into evidence, during the sentencing phase of his trial, conversations regarding "snuff" sex. Appellant argues the conversations were irrelevant and unduly prejudicial. We affirm the judgment of the circuit court.

*Facts and Procedural Background*

The appellant entered an online chatroom and began to chat with a police officer trained to investigate crimes against children. The chatroom, which they were both in, typically includes people who chat about sexually deviant behavior, including sexually exploiting children. The online profile of the officer was that of a single mother of a ten-year-old daughter and an eight-year-old son whom she was willing to make available for the sexual gratification of the chatroom participants. The conversation between appellant and the officer involved sexual acts with the officer's imaginary children. Appellant

ultimately made arrangements to meet the officer and her imaginary children at a parking lot in Conway and take them to Hot Springs for sex. Upon meeting the officer, the appellant was placed in custody.

During the online conversations, appellant admitted that he was interested in "snuff" and bondage sex. He also stated that he had thought about snuffing a child. Further, during one of the conversations, appellant sent a picture of a device he made for snuffing women. He also asked for pictures of the officer's imaginary children and stated that he was talking about snuff sex with others, including a sixteen-year-old girl. Testimony at trial described snuff sex as killing someone during or after sex and indicating that it may be done by impaling someone with a sharpened rod.

Appellant was ultimately charged with two counts of conspiracy to commit rape and two counts of attempted internet stalking of a child. The internet-stalking charges were *nolle prossed* by the State. A jury subsequently convicted the appellant of two counts of conspiracy to commit rape and sentenced him to 30 years in prison on each count.

During the sentencing phase, the officer testified regarding the conversations centered on "snuff" and bondage sex. Additionally, the State entered into evidence pictures that depicted women being impaled during sex, which were found on the defendant's computer, as well as the picture of the device the defendant made for impaling women.

### Standard of Review

A circuit court's decision to admit evidence during the penalty phase is reviewed for an abuse of discretion. *Crawford v. State*, 362 Ark. 301, 303, 208 S.W.3d 146, 147 (2005); *Brown v. State*, 2010 Ark. 420, at 12, 378 S.W.3d 66, 73. Determining what is relevant and

SLIP OPINION

what is prejudicial is at the discretion of the court. *MacKool v. State*, 365 Ark. 416, 449–50, 231 S.W.3d 676, 701 (2006). The standard "is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration." *Holland v. State*, 2015 Ark. 341, at 7, 471 S.W.3d 179, 184.

*Abuse of discretion*

The Arkansas Code provides that relevant character evidence is admissible during the sentencing phase of a trial. Ark. Code Ann. § 16-97-103(5) (Repl. 2016). Therefore, while the rules of evidence apply during all stages of the proceeding, certain evidence is admissible during sentencing that would not be admissible at trial. *Brown*, 2010 Ark. at 12, 378 S.W.3d at 73.

I. *Relevancy*

Relevant information is evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ark. R. Evid. 401; *Echols v. State*, 326 Ark. 917, 957, 936 S.W.2d 509, 529 (1996). For example, in *Crawford* we held that testimony from a detective about subsequent drug-related searches was relevant regarding defendant's character during a sentencing proceeding for current drug related charges. 362 Ark. at 306, 208 S.W.3d at 149.

In the instant case, the circuit court did not abuse its discretion. Here, the appellant was found guilty by a jury of two counts of conspiracy to commit rape; a crime involving deviant sexual activity—in this case with two minor children. The snuff-sex evidence



presented by the State in the sentencing phase also includes deviant sexual activity on the part of the appellant in both fantasy and in taking initial actions toward that fantasy and is therefore relevant character evidence. The evidence clearly has a "tendency" of proving a fact of consequence in the sentencing proceeding.

## II. *Unduly Prejudicial Value*

Although evidence is relevant, it may nonetheless be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." Ark. R. Evid. 403. Further, "[t]he fact that evidence is prejudicial to a party is not, in itself, reason to exclude evidence. The danger of unfair prejudice must substantially outweigh the probative value of the evidence." *Branstetter v. State*, 346 Ark. 62, 74, 57 S.W.3d 105, 113 (2001). Lastly, bare conclusory allegations regarding prejudice are not sufficient to carry an Appellant's burden on appeal. *See Diemer v. State*, 365 Ark. 61, 67, 225 S.W.3d 348, 352 (2006).

In *Walls v. State*, we reversed a sentence for a defendant when it was based on irrelevant impact-panel testimony. 336 Ark. 490, 499, 986 S.W.2d 397, 402 (1999). Walls pleaded guilty to five counts of rape, and during the sentencing phase for the rape charges the prosecution introduced victim-impact testimony regarding Walls's involvement in an uncharged, unproven murder. 336 Ark., at 499, 986 S.W.2d, at 402. We specifically noted that the rapes that occurred were vile and sickening, but it is a foundation of our criminal justice system that we do not sentence defendants for unproven, uncharged crimes. 336 Ark., at 500–01, 986 S.W.2d, at 402–03. We therefore held the testimony was both irrelevant and unfairly prejudicial. *Id*.

Here, the evidence is obviously prejudicial to the defendant. However, the question is whether the evidence is *unfairly* prejudicial. *See Lard v. State*, 2014 Ark. 1, at 6, 431 S.W.3d 249, 258. ("This court has observed that evidence offered by the State is often likely to be prejudicial to the accused, but the evidence should not be excluded unless the accused can show that it lacks probative value in view of the risk of unfair prejudice.") We hold that the evidence in this case is not *unfairly* prejudicial. Further, unlike Walls, there is no indication that the Appellant in this case was sentenced for an uncharged and unproven crime. The Appellant was convicted of conspiracy to commit rape of two minor children and the snuff-sex conversations took place during the planning of the act. Additionally, during those conversations, he not only expressed his interest in snuff sex, but also indicated that he was interested in performing it with minors. The snuff-sex conversations are therefore highly probative and relevant to the crimes for which he was convicted.

Appellant's allegation that the sentence imposed indicates unfair prejudice is conclusory and not enough to carry his burden on appeal. We have noted that a defendant who has received a sentence within the statutory range short of the maximum sentence cannot show prejudice from the sentence itself. *Bond v. State*, 374 Ark. 332, 340, 288 S.W.3d 206, 212 (2008). While the Appellant in this case did receive the maximum sentence, he must still show that any prejudice outweighs the probative value of the evidence. The evidence presented in the sentencing phase is highly relevant to the appellant's character, and he has not shown that the prejudicial effect is to such a degree that the evidence should be excluded. Accordingly, the evidence is not unfairly prejudicial.

Because the evidence regarding "snuff" sex was both relevant and not unduly prejudicial, we hold that the circuit court did not abuse its discretion by admitting the evidence during the sentencing phase of the trial.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** One of the best-known aphorisms in the legal world is "hard facts make bad law." I am aware of no better example than today's majority decision. Be assured that I do not endorse, condone, or even begin to understand the type of perversion that appellant espouses. However, personal opinions and feelings have no part in our review of a case. I therefore respectfully dissent.

During the penalty phase of appellant's trial, a jury found him guilty of two counts of conspiracy to commit rape.[1] The victims in this case were not flesh and blood human beings, but were fictitious prepubescent children who were part of a story concocted by the Faulkner County Sheriff's Department to discover sexual predators on the internet. This evidence included "snuff" images of fully mature adult women posing as though they had been impaled with a metal rod through their vaginas. The State also admitted portions of

---

[1] The two counts of conspiracy to commit rape in appellant's felony information were identical:

CONSPIRACY TO COMMIT RAPE ARK. CODE ANN. 5-14-103. The said defendant in FAULKNER COUNTY, did unlawfully and feloniously on or about August 21, 2014, to September 9, 2014 conspire to the crime of Rape. Engage in sexual intercourse or deviate sexual activity with another person who is less than 14 years of age, to wit, committed the overt act of sending confirmation of reservation of a rental house to his co-conspirator on 9/5/14 and or travel to Conway, Arkansas on 9/9/14 to pick up the minor child and/or bring the child a gift on 9/9/14 in furtherance of the conspiracy.

SLIP OPINION

the appellant's "chats" with a Faulkner County Deputy Sheriff that covered every conceivable type of sexual perversion. The fantasies that had previously been redacted from the transcripts of the chats involved adult women.

Appellant argues that the circuit court abused its discretion when it admitted this evidence because it was irrelevant to the charged offense, and it was unduly prejudicial, thus violating Arkansas Rules of Evidence 401–403. The evidence in question was purportedly admitted to show appellant's "character." The majority's analysis why the evidence in question is "character" evidence, is inscrutable. Without citation of authority, it states, "The snuff-sex evidence presented by the State in the sentencing phase also includes deviant sexual activity on the part of the appellant in both fantasy and in taking initial actions toward that fantasy and is therefore relevant character evidence." This rationale has no basis in our rules of evidence.

This evidence is not admissible to prove that appellant acted in conformity with prior bad acts. Ark. R. Evid. 404. It is therefore certainly not admissible to prove that he *might* act in conformity with the bad act that he was convicted of in the guilt phase of his trial. *Id.* Moreover, the majority does not seem to realize that the phrase "deviate sexual activity" is a term defined by statute—Arkansas Code Annotated section 5-14-101(1) (Repl. 2013). "Deviate sexual activity" does broadly refer to all types of sexual perversion.

The majority also suggests that the snuff-sex evidence was relevant because it was part of the internet chat that constituted the conspiracy. I note, however, that snuff sex involving the children was expressly rejected by appellant's co-conspirator and thus was not part of the plan. Accordingly, further discussion of snuff sex was redacted from the transcript



that was used during the guilt phase of the trial and likewise should not have been introduced during the sentencing phase.

The evidence listed in Arkansas Code Annotated section 16-97-103 "must be governed by our rules of admissibility and exclusion; otherwise the proceedings would not pass constitutional muster." *Walls v. State*, 336 Ark. 490, 493, 986 S.W.2d 397, 399 (1999). Accordingly, courts must still determine whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice under Rule 403. The *Walls* court reversed a sentencing order because the circuit court admitted evidence of uncharged crimes as character evidence. Here, the "snuff sex" evidence related to appellant's fantasy to commit a homicide as an act of deviate sex. As in *Walls*, appellant was not charged with conspiracy to commit any type of homicide offense. The evidence in the case before us is not only inadmissible because it is not relevant, it is also more prejudicial than probative. *Id.*; Ark. R. Evid. 403.

Finally, the majority asserts that admission of the evidence was not reversible error because appellant has made only a "conclusory" argument that he was prejudiced. However, the sentence for each count was the maximum allowable by law for conspiracy to commit rape, even though there was no flesh-and-blood victim and appellant's co-conspirator was a police officer who convinced appellant that she subscribed to the same deviate sexual fantasies that he did and *loved* him for it. Therefore, evidence that appellant may have aspired to act out even more horrendous fantasies may well have played a deciding role in the jury's decision that, given appellant's age, appellant would likely serve out the rest of his life in prison. As jurists, we have an obligation to keep the law straight. Deeply

rooted in American jurisprudence is the fundamental concept that the punishment must fit the crime. *See Alford v. State*, 223 Ark. 330, 266 S.W.2d 804 (1954).

In *Walls*, *supra*, Walls pleaded guilty to five counts of rape and nolo contendere to another. The victims were flesh-and-blood members of the Boy Scout troop that he led. *Id.* Yet, the Arkansas Supreme Court reversed Walls's sentencing because the circuit court allowed testimony regarding the uncharged crime that Walls solicited one of his victims, Heath Stocks, to murder Stocks's mother, father, and sister. *Id.* The sentencing-phase evidence in *Walls* involved acts, not fantasies and, arguably even had a nexus to the crimes that Walls was being sentenced for. *Id.* The *Walls* court rejected the State's contention that the evidence was admissible under section 16–97–103 because it was not relevant and—despite the failure to make a specific objection citing Rule 403 of the Arkansas Rules of Evidence—the evidence was more prejudicial than probative. *Id.* Simply stated, the case before us does not comport with this court's holding in *Walls*.

I doubt few people will mourn the fate of an aspiring child molester. However, it is only a small step from today's majority opinion to sanctioning harsh sentences for petty crimes simply because the perpetrator posts "smack talk" on the internet. To see the soundness of this dissenting opinion, one need look no further than what children are posting on social media.

I would reverse and remand this case for a new sentencing hearing. I therefore respectfully dissent.

*John Wesley Hall* and *Sarah M. Pourhosseini*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.