Tilton B. RHODES, Sr. *v.* STATE of Arkansas

CA CR 07-328                                    281 S.W.3d 758

Court of Appeals of Arkansas
Opinion delivered April 2, 2008

*William M. Howard, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

J OHN MAUZY PITTMAN, Chief Judge. Appellant, a man in his mid-forties, was charged with rape and sexual assault of a twelve-year-old girl. On appeal, he asserts that the trial judge erred in denying his motion for a mistrial. We affirm.

During appellant's jury trial, the victim testified that she was raped and sexually assaulted by appellant at her home when appellant was her mother's live-in boyfriend. Although appellant was being tried only for crimes committed against the twelve-year-old victim, another girl testified without objection that she, too, was raped by appellant under similar circumstances when she was fifteen years old. The jury found appellant guilty of raping and sexually assaulting the victim, and then heard evidence and argument relating to sentencing. During the sentencing phase, the prosecutor addressed the jury and argued that justice required a sentence of at least twenty years, "ten for each girl." Appellant objected and moved for a mistrial on the ground that the present trial was only for his offenses against one victim, not two. The trial court denied a mistrial but gave the following curative instruction to the jury:

> I apologize, ladies and gentlemen. There was an objection made as you were leaving the courtroom to the Court about the last comment or argument [the prosecutor] made about asking for a longer sentence because of allegedly two victims. I'm going to instruct you to disregard that argument, and here's the reason why just so you know where, why I'm sustaining the objection:
>
> We're only having one trial here today, and he should be punished based on that, not because there are two victims in this case. Now, in considering the seriousness of the punishment, you may consider the fact that there's an allegation that he has commit-

ted another offense. Whether or not you find that to be true is a matter for your determination. It's an appropriate consideration if you should find it to be true, but not because there are two victims is what I'm saying. That's another trial to be had in this case.

After deliberating, the jury fixed appellant's sentences at ten years' imprisonment for rape and ten years' imprisonment for sexual assault.[1] The trial court ordered that the sentences run consecutively, as the jury recommended.

Appellant argues that the prejudicial effect of the prosecutor's argument was not removed by the trial court's instruction. We do not agree. Mistrial is an extreme remedy that should be used only when the error is beyond repair and cannot be corrected by any curative relief. *Meadows v. State*, 360 Ark. 5, 199 S.W.3d 634 (2004). A circuit court's decision to grant or deny a mistrial will not be disturbed absent a showing of an abuse of discretion. *Id.* An admonition is the proper remedy where the assertion of prejudice is highly speculative. *Wilkins v. State*, 324 Ark. 60, 918 S.W.2d 702 (1996).

■ Appellant suffered no prejudice that would warrant a mistrial. The fifteen-year-old girl's testimony that she had also been raped by appellant was admitted in the guilt phase of the trial without objection, and it was clearly admissible during the penalty phase as relevant evidence of appellant's character. *See MacKool v. State*, 365 Ark. 416, 231 S.W.3d 676 (2006); Ark. Code Ann. § 16-97-103 (Repl. 2006). Therefore, the prosecutor's argument did not present the jury with any new allegations or facts, but simply contained an erroneous statement of law regarding the manner in which that evidence could be considered for purposes of sentencing. The trial court's admonition was even-handed and clear, and we hold that it was sufficient to remove any possible prejudice resulting from the argument.

Affirmed.

BIRD and GRIFFEN, JJ., agree.

---

[1] Ten years was the minimum permissible penalty for the Class Y felony of rape; appellant could have been sentenced to life imprisonment for that offense. The permissible penalty range for the Class B felony of sexual assault was not less than five years nor more than twenty years. *See* Ark. Code Ann. § 5-4-401 (Repl. 2006).