2011 Ark. App. 476

**Barney Lee DOLES, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–1211.**

Court of Appeals of Arkansas.

June 29, 2011.

E. Alvin Schay, Little Rock, AR, for appellant.

Dustin McDaniel, Atty. Gen., John T. Adams, Little Rock, for appellee.

DOUG MARTIN, Judge.

Appellant Barney Lee Doles entered a plea of guilty to one count of being a felon in possession of a firearm, and he was subsequently sentenced by a Clark County jury to forty years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Ark. Sup.Ct. R. 4–3(k) (2011), counsel for Doles has filed a no-merit appeal and has asked to be relieved as counsel in the case. The clerk of this court furnished Doles with a copy of his attorney's brief and notified him of his right to file pro se points. Doles filed such a statement, asserting juror bias, ineffective assistance of counsel, and evidentiary errors. The State filed a brief pursuant to Ark. Sup.Ct. R. 4–3(k)(3) explaining why Doles's pro se points would not support reversal. Because we agree with Doles's counsel that no adverse ruling provides a meritorious ground for reversal, we affirm Doles's conviction and sentence and grant counsel's motion to be relieved.

As noted above, Doles was convicted of being a felon in possession of a firearm. The charge arose when Clark County Sheriff's Deputy Robert Plyler responded to a 911 call. The caller, Ashley Crowley,

informed the dispatcher that Doles was pointing a shotgun at her. When the State sought to introduce a recording of the 911 tape to the jury, Doles objected on three grounds. First, he argued that the 911 recording was testimonial in nature, and playing it would violate his confrontation-clause rights because Crowley was not present at the sentencing trial. Second, Doles objected on the basis that the 911 tape had not been properly authenticated. Finally, Doles objected on relevancy grounds, arguing that, because he was not charged with any offense relating to the alleged pointing of the shotgun at Crowley, his conduct was not relevant to his sentencing. In the no-merit brief, counsel discusses why none of these objections would have supported a meritorious argument on appeal.[1]

■ Regarding the confrontation-clause objection, the circuit court allowed the State to introduce a recording of the 911 call that led police to arrest Doles; in so doing, the court found that none of the statements made on the tape were testimonial in nature. The court's |₃ruling was correct. In *Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), the Supreme Court held that "[s]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Davis*, 547 U.S. at 822, 126 S.Ct. 2266. Similarly, in *Seely v. State*, 373 Ark. 141, 152, 282 S.W.3d 778, 787 (2008), our supreme court held that the test for determining whether the introduction of a statement violates the Confrontation Clause "should remain focused on the circumstances surrounding the statement and whether those circumstances objectively indicate that the primary purpose of the statement is to prove events relevant to criminal prosecution," and "[w]here a statement is made to a government official, it is presumptively testimonial, but the statement can be shown to be nontestimonial where the primary purpose of the statement is to obtain assistance in an emergency."

In this case, the purpose of Ashley Crowley's statement to the 911 operator was to obtain assistance in an emergency. She called 911 because Doles had a shotgun and was threatening to shoot her with it, and she needed police assistance. Accordingly, the circuit court did not err in allowing the recording of the 911 call to come into evidence over Doles's confrontation-clause objection.

■ Counsel next addresses the objection raised at sentencing that the 911 tape had not been properly authenticated because there was a third person on the tape who was unidentified. The State argued below that the Clark County dispatcher who took the original call and who dialed the Arkadelphia 911 operator into the call was available to testify that the |₄recording of the conversation was accurate. The dispatcher, Denise Chamberlain, testified that the recording of the conversation between herself, Crowley, and the Arkadelphia 911 operator was as she remembered the call.

■ Arkansas Rule of Evidence 901(a) provides that the "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding

1. In his pro se brief, Doles also challenges the trial court's rulings on trial counsel's confrontation-clause, authentication, and relevancy objections. As appellate counsel has raised these same issues and we have determined that they lack merit, we need not address them again.

that the matter in question is what its proponent claims." "Testimony of a witness with knowledge that a matter is what it is claimed to be" is sufficient to conform with the requirements of the rule, Ark. R. Evid. 901(b)(1), as is "[i]dentification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Ark. R. Evid. 901(b)(5). Authentication requirements are satisfied if the trial court, in its discretion, concludes that the evidence presented is genuine and, in reasonable probability, has not been tampered with or altered in any significant manner. *Davis v. State*, 350 Ark. 22, 86 S.W.3d 872 (2002); *Guydon v. State*, 344 Ark. 251, 39 S.W.3d 767 (2001); *Bobo v. State*, 102 Ark. App. 329, 285 S.W.3d 270 (2008).

In *Walker v. State*, 13 Ark.App. 124, 680 S.W.2d 915 (1984), this court held that the trial testimony of an undercover police officer, who was present when the tapes of the defendant were made, as to the accuracy and authenticity of the tapes was sufficient to authenticate the tapes. Similarly, in the present case, the testimony of the 911 operator that the recording of the call was authentic and accurate was sufficient to authenticate the recordings, and the circuit court did not abuse its discretion in admitting the recording into evidence.

Finally, counsel addresses the objection to the introduction of the 911 recording at the sentencing trial. Counsel objected below on the grounds that Doles had not been charged with anything related to his conduct in pointing a shotgun at Crowley and thus evidence to that effect was irrelevant. The trial court ruled that Doles had opened the door to the testimony during his opening statement when he told the jury that he was going to testify

and the jury would hear what he had to say about the charge.

All relevant evidence on the question of sentencing may be considered by the sentencing body. *Marshall v. State*, 342 Ark. 172, 27 S.W.3d 392 (2000). The admissibility of proof in the penalty phase of a jury trial is governed by the Arkansas Rules of Evidence; however, pursuant to Arkansas Code Annotated section 16–97–103 (Repl.2006), certain evidence is admissible at sentencing that would not have been admissible at the guilt phase of the trial. *Helms v. State*, 92 Ark.App. 79, 211 S.W.3d 53 (2005). Section 16–97–103 allows for relevant character evidence and evidence of aggravating or mitigating circumstances to be presented during the penalty phase. Ark.Code Ann. § 16–97–103(5), (6). Evidence of uncharged and subsequent misconduct has been held admissible as relevant to sentencing. *See, e.g., Crawford v. State*, 362 Ark. 301, 208 S.W.3d 146 (2005) (evidence of subsequent drug offenses admissible during sentencing); *Rhodes v. State*, 102 Ark.App. 73, 281 S.W.3d 758 (2008) (fifteen-year-old girl's unrelated claim of rape by appellant was relevant evidence of appellant's character during penalty phase of trial); *Davis v. State*, 60 Ark.App. 179, 962 S.W.2d 815 (1998) (finding no error in trial court's admission of prior, uncharged misconduct during sentencing phase).

Here, the evidence that Doles pulled a shotgun on Crowley, even though he was never charged with a crime for that action, was relevant for sentencing purposes because such evidence gave the jury information regarding the circumstances of the crime with which Doles was charged. Accordingly, the circuit court did not abuse its discretion in allowing the evidence.

In addition to the points addressed above, Doles raises two additional points in his pro se brief. First, he raises allega-

tions of juror bias because his probation officer was allegedly seated on the jury. Second, Doles claims that his trial counsel was ineffective for failing to object to the seating of his probation officer on the jury.

Doles claims that his probation officer, Winston Chance Levins, was selected to serve on his jury and, as a result, Doles's Sixth Amendment right to an impartial jury was violated. Doles claims that he alerted his attorney to the presence of his probation officer, but "counsel advised [Doles] that there was nothing she could do because the court allowed Levins to sit on the jury."

The record, however, does not support Doles's claim. The jury list, as set out in the trial transcript, indicates that the following individuals were seated on Doles's jury: Michael R. Cowart; Samuel C. Leamons, Troy L. Hogue, Jimmy D. Bragg, Clea E. Stevens, Maricus S. Williams, Douglas E. Syler, Troy L. Buck, Rekina R. Jones, Charles L. Palmer, Cheryl D. Covington, and Diana P. Fisher. In addition, the jury attendance list does not even list anyone by the name of "Winston Chance Levins" as a member of the venire from which the jury was selected. Further, nothing in the record indicates that Doles objected to the seating of any of the jurors other than exercising a handful of peremptory strikes. Because Doles's claim is completely unsupported by the record, it fails on appeal.

In his second pro se point, Doles argues that his trial attorney was ineffective for failing to object to the alleged seating of Doles's probation officer on the jury. This argument must fail first for the obvious reason that the record simply does not support Doles's claim regarding his probation officer.

▮▮ Additionally, however, it fails because an argument raising claims of ineffective assistance of counsel will not be considered when raised for the first time on direct appeal. *Vanoven v. State,* 2011 Ark. App. 46, 380 S.W.3d 507. In order for a defendant to argue ineffective assistance of counsel on direct appeal, he must first have presented the claim to the lower court either during the trial or in a motion for new trial. *Id.; see also Rounsaville v. State,* 374 Ark. 356, 288 S.W.3d 213 (2008) (holding that a claim of ineffective assistance of counsel is appropriate on direct appeal only when it is raised before the trial court and the facts and circumstances surrounding the claim have been fully developed at the trial level). Because no claim of ineffective assistance was raised below, this issue does not present a meritorious point for appeal.

Accordingly, we hold that the requirements of Arkansas Supreme Court Rule 4–3(k) and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), have been met and that the appeal has no merit. We grant counsel's motion to withdraw and affirm the conviction.

Affirmed; motion to withdraw granted.

WYNNE and HOOFMAN, JJ., agree.