SLIP OPINION

Cite as 2015 Ark. 295

# SUPREME COURT OF ARKANSAS

No.

IN RE ARKANSAS SUPREME COURT COMMITTEE ON CRIMINAL PRACTICE—ARKANSAS RULE OF APPELLATE PROCEDURE–CRIM. 19

**Opinion Delivered**: June 25, 2015

## PER CURIAM

The Arkansas Supreme Court Committee on Criminal Practice has proposed a new rule to address the recurrent issue of convicted offenders requesting that the appellate court provide at public expense a copy of the party's brief or appellate record that had previously been filed. The issue is discussed in the Reporter's Notes that accompany this proposal, and we commend them to the reader when considering this proposal. Succinctly, the intent of this rule is to make clear that a party is first to look to his or her former attorney for a copy of a brief or an appellate record. The attorney may already possess them, and they presumably have already been paid for. The obligation is to provide documents that the attorney has in his or her possession. There is no obligation to make copies.

The proposed rule is being published for comment, and the comment period shall end on September 1, 2015. Comments should be submitted in writing to: Stacey Pectol, Clerk of the Arkansas Supreme Court, Attention: Criminal Practice Committee, Justice Building, 625 Marshall Street, Little Rock, AR 72201.

## RULES OF APPELLATE PROCEDURE–CRIMINAL

NEW
### Rule 19.  Motions requesting copy of record or brief.

(a) A convicted offender who seeks, at public expense, a copy of an appellate brief, the trial record, or a transcript must file a motion stating that he or she has requested the documents from his or her counsel and that counsel did not provide the documents. In addition, if the moving party seeks a photocopy (as opposed to a disk or other electronic medium), he or she must demonstrate some compelling need for the brief, record, or transcript.

(b) A copy of the motion shall be served on counsel who prepared or filed the documents. Within 20 days of such service, counsel shall file a response. If the requested documents were not provided to the client, the response shall either commit to provide the requested documents or provide good cause why counsel will not provide the documents.

(c) An attorney has an obligation under Ark. R. Prof'l Conduct 1.16(d) to surrender documents such as an appellate brief, record or transcript to the client. This obligation requires the attorney to provide only what already exists in his or her possession. But if the attorney possesses paper copies that have been requested, the attorney must supply those paper copies. The attorney's obligation is determined by Ark. R. Prof'l Conduct 1.16(d), and this rule is not intended to enlarge or diminish the obligation.

**Reporter's Notes to 2015 amendment.**

This rule was added in 2015 to address a recurrent issue faced by the appellate courts: convicted offenders frequently request that the appellate court provide at public expense a copy of the party's brief or appellate record that had previously been filed. The intent of this amendment is to make clear that a party is first to look to his or her former attorney for a copy of a brief or an appellate record. The attorney may already possess the requested documents and in many cases these documents have already been paid for either by the client or by the state if the party is indigent.

Attorneys are the appropriate first stop for copies because in general a person is not entitled to photocopying at public expense unless he or she demonstrates some compelling need for specific documentary evidence, such as to support an allegation contained in a petition for postconviction relief. *Wright v. State*, 2010 Ark. 155 (per curiam); *Layton v. State*, 2009 Ark. 438 (per curiam); *Moore v. State*, 324 Ark. 453, 921 S.W.2d 606 (1996) (per curiam); *see Austin v. State*, 287 Ark. 256, 697 S.W.2d 914 (1985) (per curiam). Indigency alone does not entitle a petitioner to photocopying at public expense. *Gardner v. State*, 2009

Ark. 488 (per curiam); *see Washington v. State*, 270 Ark. 840, 606 S.W.2d 365 (1980) (per curiam). When an appeal has been lodged in either of the appellate courts, all material related to the appeal remains permanently on file with the clerk. Persons may review the material in the clerk's office and photocopy all or portions of it. Absent compelling need, an incarcerated person desiring a photocopy of material related to an appeal may write the court, remit the photocopying fee, and request that the copy be mailed to the prison.

Attorneys have an obligation to surrender these documents to a client or former client upon request. In *Travis v. Supreme Court Committee on Professional Conduct*, 2009 Ark. 188, the court discussed the attorney's duty to provide documents in a file to a client pursuant to Ark. R. Prof'l Conduct 1.16(d), which provides:

> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, *surrendering papers and property to which the client is entitled* and refunding any advance payment of fee or expense that has not been earned or incurred. *The lawyer may retain papers relating to the client to the extent permitted by other law.*

(Emphasis added.) To be clear, the attorney's obligation is to provide documents that are in his or her possession. There is no obligation to recreate them. If counsel desires to keep a copy of what is surrendered to the client, however, such expense should be borne by the attorney. Moreover, if counsel has a copy of the documents in electronic form only, whether on a disk or other electronic medium, he or she is obligated to provide an electronic copy of the documents.