

Cite as 2016 Ark. 452

# SUPREME COURT OF ARKANSAS

No. CR–16–374

|  |  |
|---|---|
| MICHAEL LEE GEATCHES<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** December 15, 2016<br><br>PRO SE MOTION REQUESTING FILE FROM DAVID DUNAGIN AND PRO SE MOTION REQUESTING FILE FROM DAVID MOORE AND DALE ARNOLD [CRAWFORD COUNTY CIRCUIT COURT, NO. 17CR-14-483]<br><br>HONORABLE GARY R. COTTRELL, JUDGE<br><br>RESPONSES ORDERED. |

**HOWARD W. BRILL, Chief Justice**

On May 11, 2015, appellant Michael Lee Geatches pleaded guilty to second-degree sexual assault and was sentenced to 144 months in the Arkansas Department of Correction. On March 9, 2016, Geatches filed an untimely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015). In a March 15, 2016 order, the circuit court denied Geatches's postconviction petition on the ground that it was untimely, and Geatches lodged an appeal in this court. Now before us are his pro se motion requesting the file generated by his trial counsel, David Dunagin, and a second pro se motion requesting files generated by counsel, David Moore and Dale Arnold.

SLIP OPINION

Geatches filed a motion on May 12, 2016, requesting photocopies of "the entirety of his file that is in the possession of David Dunnagin [sic], att[orney] at law." He states that "Petitioner has requested, by U.S. mail, on 3 occasions a copy of petitioner's file. As of May 9, 2016[,] no response has been received." The certificate of service attached to the motion indicates Dunagin was served with the motion by U.S. Mail.

Geatches also filed a motion on May 20, 2016, in which he sought a copy of his file from counsel, David Moore and Dale Arnold, who Geatches alleged represented him in matters involving the Arkansas Department of Human Services.[1] Geatches requests the "entirety of his file with both attorneys [sic] as they are directly related to petitioner's criminal case and information is needed for said case." The certificate of service indicates that both Moore and Arnold were served with the motion. Both of Geatches's motions cited *In re Arkansas Supreme Court Committee on Criminal Practice - Arkansas Rule of Appellate Procedure–Criminal 19*, 2016 Ark. 145 (per curiam), Rule 1.16(d) of the Arkansas Rules of Professional Conduct, and *Travis v. Supreme Court Committee on Professional Conduct*, 2009 Ark. 188, 306 S.W.3d 3.

Rule 19 of the Arkansas Rules of Appellate Procedure–Criminal states,

> (a) A convicted offender who seeks, at public expense, a copy of an appellate brief, the trial record, or a transcript must file a motion in the Supreme Court stating that he or she has requested the documents from his or her counsel and that counsel did not provide the documents. In addition, if the moving party seeks a photocopy (as opposed to a disk or other electronic medium), he or she must demonstrate some compelling need for the brief, record, or transcript.

---

[1]Geatches contends that Moore represented him from March 18, 2014, until December 4, 2014, and that Arnold represented him from December 4, 2014, until October 2015.

> (b) A copy of the motion shall be served on counsel who prepared or filed the documents. Within 20 days of such service, counsel shall file a response. If the requested documents were not provided to the client, the response shall either commit to provide the requested documents or provide good cause why counsel will not provide the documents.

Ark. R. App. P.–Crim. 19(a)–(b).

Rule 19 became effective March 31, 2016, and was promulgated to address a recurrent issue faced by the appellate courts: convicted offenders request that the appellate courts provide at public expense a copy of the brief or appellate record that had been previously filed. *See In re Ark. Sup. Ct. Comm. on Crim. Practice – Ark. R. of App. P. Crim.– 19*, 2016 Ark. 145 (per curiam); *see, e.g.*, *Khabir v. State*, 2014 Ark. 369, 439 S.W.3d 679 (per curiam); *Mendiola v. State*, 2013 Ark. 92 (per curiam).

The scope of Rule 19 is limited. Based on the reporter's notes, the intent of Rule 19 is to make clear that the party is to first look to his or her former attorney for those materials because counsel may already possess the requested documents. "Attorneys are the appropriate first stop for copies . . . ." Ark. R. App. P.–Crim. 19 rptrs. nn. (2016 Amendments). In many cases those documents have already been paid for either by the client or by the State if the party is indigent.[2]

---

[2]Notably, indigency alone does not entitle a petitioner to photocopying at public expense. *Moore v. State*, 324 Ark. 453, 921 S.W.2d 606 (per curiam). When an appeal has been lodged in this court, the appeal transcript and other material filed on appeal remain permanently on file with the clerk of the supreme court. *Id.*, 921 S.W.2d 606. Persons may review a transcript and other material in the clerk's office and photocopy all or portions of it. *Id.*, 921 S.W.2d 606. An incarcerated person desiring a photocopy of an item on file may write this court and request that a copy be mailed to the prison. *Id.*, 921 S.W.2d 606. All persons, including prisoners, must bear the cost of photocopying. *Id.*, 921 S.W.2d 606.

Rule 19(b) does not make the requirement of counsel's response to the motion contingent on counsel's determination as to whether the motion has merit but instead makes counsel's response mandatory. Within twenty days of service of the Rule 19 motion, counsel *shall* file a response. *See* Ark. R. App. P.–Crim. 19(b). "If the requested documents were not provided to the client, the response shall either commit to provide the requested documents or provide good cause why counsel will not provide the documents." *Id.*

If the attorney does not commit to provide the documents, the convicted offender may request, at public expense, a copy of an "appellate brief, the trial record, or a transcript[.]" For the convicted offender to obtain copies at public expense, he or she must demonstrate a compelling need for the copies.

Geatches also referred to Rule 1.16(d), which is referenced in Rule 19:

> (c) An attorney has an obligation under Ark. R. Prof'l Conduct 1.16(d) to surrender documents such as an appellate brief, record or transcript to the client. This obligation requires the attorney to provide only what already exists in his or her possession. But if the attorney possesses paper copies that have been requested, the attorney must supply those paper copies. The attorney's obligation is determined by Ark. R. Prof'l Conduct 1.16(d), and this rule is not intended to enlarge or diminish the obligation.

Ark. R. App. P.–Crim. 19(c).

Rule 1.16(d) of the Arkansas Rules of Professional Conduct sets out the lawyer's responsibility regarding "surrendering of papers and property," i.e., the client's file, upon termination of representation. *See Travis*, 2009 Ark. 188, 306 S.W.3d 3 (sanctioning of an attorney who did not surrender documents to the former client).[3] A request for documents

---

[3]By per curiam opinion issued this same date, the court adopts Rule 1.19 of the Arkansas Rules of Professional Conduct, which concerns client files. *See In re Amend to Rule*

pursuant to Rule 1.16(d) of the Arkansas Rules of Professional Conduct and counsel's failure to surrender documents is pursued through an ethics complaint with the Supreme Court Committee on Professional Conduct. In contrast, a Rule 19 motion requesting a copy of a record or brief is a motion filed in this court and is not a disciplinary action against counsel.

The distinctions between Rule 1.16 of the Arkansas Rules of Professional Conduct and Rule 19 of the Arkansas Rules of Appellate Procedure–Criminal are notable because, although they both address a lawyer's responsibility to his or her client regarding certain documents and papers, they do so in differing ways. Allegations that an attorney has failed to turn over documents to a former client and thus has not complied with Rule 1.16(d) of the Rules of Professional Conduct are addressed to the Committee on Professional Conduct, not by a motion to this court. Significantly, the obligation of an attorney to turn over a client's file exists notwithstanding any showing of need by the client. The plain language of Rule 1.16(d) places a duty on an attorney to surrender the papers and property to which the client is entitled upon termination of representation.[4] *See Travis*, 2009 Ark. 188, at 11, 306 S.W.3d at 8–9.

In summary, Geatches alleges that he has requested documents from counsel and that counsel did not provide those documents. Both motions clearly referenced Rule 19 of the Arkansas Rules of Appellate Procedure–Criminal, which triggers counsel's responsibility to

---

1.19–Ark. R. of Prof'l Conduct, 2016 Ark. 468 (per curiam). Rule 1.19 generally follows the "end product" approach as discussed in *Travis*, 2009 Ark. 188, 306 S.W.3d 3.

[4]The duty to a former client is governed by Arkansas Rule of Professional Conduct 1.16(d). The corresponding duty to a current client is governed by the terms of the representation, including Arkansas Rule of Professional Conduct 1.4 (duty to keep client informed).

SLIP OPINION

respond notwithstanding counsel's determination of whether he deems a response necessary. Certificates of service indicate that counsel were served with the motions. However, in violation of Rule 19(b), counsel have failed to file responses with this court. We direct attorney David Dunagin to file a response with this court within twenty days from the date of this opinion. We direct attorneys David Moore and Dale Arnold to file a response with this court within twenty days from the date of this opinion.

Responses ordered.