SLIP OPINION

Cite as 2017 Ark. 289

# SUPREME COURT OF ARKANSAS
No. CR-07-328

| | |
|---|---|
| TILTON RHODES<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** OCTOBER 26, 2017<br><br>PRO SE MOTION FOR TRANSCRIPT [DREW COUNTY CIRCUIT COURT, NO. 22CR-05-185]<br><br><br>RESPONSE ORDERED. |

**JOSEPHINE LINKER HART, Associate Justice**

Following his 2006 conviction on charges of rape and sexual assault, petitioner Tilton Rhodes, who was represented by counsel, appealed the judgment, and the Arkansas Court of Appeals affirmed. *Rhodes v. State*, 102 Ark. App. 73, 281 S.W.3d 758 (2008). Rhodes filed a motion in this court in which he asserts that he is indigent and seeks a copy of the transcript lodged on direct appeal in that case. Rhodes's attorney, William Howard, has failed to file a response to the motion, which we require before we reach the merits of Rhodes's motion. Howard is accordingly directed to file a response in accord and with Arkansas Rule of Appellate Procedure–Criminal 19 (2016), as indicated below, within ten days of this opinion.

Howard must respond even if he believes the motion has no merit; and Rule 19 makes counsel's response mandatory. Ark. R. App. P.–Crim. 19(b); *Geatches v. State*, 2016 Ark. 452, at 4, 505 S.W.3d 691, 693. Howard's response must state (1) whether he has the requested copy in his possession; (2) whether, if so, the copy is paper or some other format;

SLIP OPINION

(3) whether the copy was provided to his client. *See* Ark. R. App. P.–Crim. 19(b). If Howard's response indicates that he has a copy in his possession, but he has not provided it to his client, then the response must also either commit to provide the requested documents or provide good cause for the failure to do so. *See* Ark. R. App. P.–Crim. 19. After we have received Howard's response, we will address Rhodes's request that he be provided a copy of the transcript at State expense.

Response ordered.