Cite as 2018 Ark. 391

# SUPREME COURT OF ARKANSAS
No. CR-07-8

| | |
|---|---|
| ANTHONY JEROME FITZGERALD<br>PETITIONER | Opinion Delivered DECEMBER 20, 2018 |
| V.<br><br>GREGORY NEAL ROBINSON<br>RESPONDENT | PRO SE MOTION REQUESTING COPIES OF RECORDS; NOTICE OF APPLICATION FOR JUDGMENT; AND MOTION FOR DEFAULT JUDGMENT; MOTIONCR-07- REQUESTING LEAVE TO AMEND MOTION REQUESTING RECORDS<br>[JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-06-272]<br><br>RESPONSE ORDERED;<br>NOTICE OF APPLICATION FOR JUDGMENT MOOT; MOTION FOR DEFAULT JUDGMENT DENIED; MOTION REQUESTING LEAVE TO AMEND MOTION REQUESTING RECORDS DENIED. |

JOSEPHINE LINKER HART, Associate Justice

Petitioner Anthony Jerome Fitzgerald has filed a pro se motion requesting copies of records from his attorney pursuant to Rule 19(b) of the Arkansas Rules of Appellate Procedure –Criminal (2017). Fitzgerald's motion includes a certificate of service to his attorney, Gregory Neal Robinson, at an address in Pine Bluff that is dated August 20, 2018. Fitzgerald's motion was filed in this court on August 23, 2018. Robinson's response to the motion was due on September 10, 2018, twenty days from the date listed in the

certificate of service. However, Robinson has not responded. Fitzgerald subsequently filed a pro se pleading titled "Notice of Application for Judgment" wherein Fitzgerald asks this court to grant his request because Robinson failed to respond. Fitzgerald also filed a motion for default judgment alleging that this court should vacate his judgment of conviction due to his counsel's failure to respond or turn over copies of documents that Fitzgerald insists his trial counsel is intentionally withholding. Finally, Fitzgerald filed a motion requesting leave to amend his motion requesting copies and alleges that he is entitled to a new trial if his attorney or the State are unable to produce the requested records.

In his motion requesting copies of records, Fitzgerald alleges that he has requested from Robinson copies of the transcripts of 911 calls that were made at the time of the shooting which resulted in his being charged with a criminal offense. Fitzgerald further alleges that Robinson has refused to provide the requested material.

This court has made clear that under Rule 19(b), the attorney who has been served with a copy of the motion is required to respond. Having been properly served with the motion, Robinson must respond, even if he believes the motion has no merit, as Rule 19 makes counsel's response mandatory. *Green v. State*, 2017 Ark. 243, at 1–2 (citing *Geatches v. State*, 2016 Ark. 452, 505 S.W.3d 691). Accordingly, Robinson is directed to file the response required by Rule 19 within fourteen days stating (1) whether he has the requested copies in his possession; (2) if so, whether the copies are on paper or in some other format; (3) if he has the copies, whether the copies have been provided to Fitzgerald. *See* Ark. R.

App. P. –Crim. 19(b). Fitzgerald's notice of application for judgment is therefore moot, his motion for a default judgment to set aside his conviction and his motion to amend his request for records to include an allegation of entitlement to a new trial are denied.

Response ordered; notice of application for judgment moot; motion for default judgment and motion requesting leave to amend motion requesting records denied.

KEMP, C.J., WOOD and WOMACK, JJ., dissent.

**RHONDA K. WOOD, Justice, dissenting**. I dissent because Fitzgerald's request is outside the scope of Rule 19. Arkansas Rule of Appellate Procedure–Criminal 19 provides that a convicted offender may petition this court for "a copy of an appellate brief, the trial record, or a transcript" if certain circumstances are met. Fitzgerald, however, has filed a Rule 19 motion to obtain, from his trial counsel's file, a copy of a 911 call that was not introduced at trial. His request is outside the purview of Rule 19.[1] As the reporter's 2016 note to Rule 19 explains, the rule was amended to assist convicted offenders with access to their *appellate records and briefs*. Ark. R. App. P.–Crim. 19 rep. notes 2016 amend. Thus, even if his attorney filed a response admitting or denying he had the 911 transcript, it is not a document this court can provide since it is not part of our appeal record.

Additionally, the face of Fitzgerald's motion demonstrates that he has access to the documents Rule 19 does provide. His motion includes citations to the trial record and

---

[1]In addition, the affidavit from Attorney Steven Davis affirms that Fitzgerald's counsel has on several occasions stated he does not have the 911 transcript petitioner seeks.

transcript from his appeal. It also references his receipt of the trial transcript from his lawyer in 2009. *See Fitzgerald v. Hobbs*, No. 5:11CV00262 JLH/JTR, 2013 WL 3270528 (E.D. Ark. June 26, 2013). Therefore, I would deny Fitzgerald's motion as there is no relief we can afford him.

KEMP, C.J., and WOMACK, J., join in this opinion.