Waymond M. Brown, Judge, dissenting.
The majority's fear of technology has led it to abandon our standard of review and tell the Arkansas Supreme Court what Arkansas Rule of Evidence 901 should mean. For the following reasons, I respectfully dissent from the majority opinion.
A determination to admit or exclude evidence will not be reversed absent an abuse of the circuit court's discretion, which requires that the circuit court act improvidently, thoughtlessly, or without due consideration.[1] Nor will this court reverse absent a showing of prejudice.[2]
Rule 901 provides that appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances, can be used to authenticate evidence.[3] Rule 901 further provides that the testimony of a witness with knowledge that a matter is what it is claimed to be is sufficient to authenticate evidence.[4] Authentication requirements are satisfied if the circuit court, in its discretion, concludes that the evidence presented is genuine and, in reasonable probability, has not been tampered with or altered in any significant manner.[5] Rather than applying Rule 901 as it is, the majority tells our supreme court how it wants it to be.
At the omnibus hearing, L.B. asserted that she "believed" certain Instagram messages apologizing for raping her were from her father. The saying "Family sticks up for family" was used on the Instagram account, and it was something she recognized as a saying appellant "frequently *544 use[d]." L.B. testified that appellant's username on the new account was Robbm00, which she understood to be Rob Brown Matoskah, the last name being one he "frequently used," including on his prior Instagram account. The picture on the new account was the same as that from the old account through which she had communicated with appellant; that picture was of a "baby Indian."[6] She denied having any reason to believe the messages would be from anyone else as she denied having told anyone else about the rape; only she and appellant knew. In appellant's own testimony, he recognized "Matoskah, Matoskah Tattoos" as the name he used when he was a traveling tattoo artist in California; admitted that he currently had a business by the name of "Matoskah Tattoos"; and explained that the "Matoskah" name is "associated to any Indian boy."
These facts clearly are not satisfactory for the majority's standard, but its standard is not our standard. We are not allowed to substitute our standard for the standard of review. All the fears presented by the majority were squarely before the jurors. The child victim was extensively cross-examined and vigorously exposed through the adversarial process. I can assure the majority that those twelve jurors-sitting in the courtroom and hearing the testimony-were in a better position to determine the weight to be given to all testimony and evidence before them, inclusive of testimony of the child victim and appellant. What prejudice or harm could have possibly resulted?
On these facts, I cannot find that the circuit court acted improvidently, thoughtlessly, or without due consideration in denying the motion to have the Instagram messages deemed inadmissible. Furthermore, given appellant's own testimony, in addition to L.B.'s testimony, this court cannot find prejudice. When combined, the testimony of L.B. and appellant before the circuit court sufficiently detailed the appearance, contents, and substance of the account so that it was sufficiently authenticated when taken in conjunction with circumstances. This court cannot overcome the abuse-of-discretion standard of review before it.
Accordingly, I respectfully dissent.
Gruber, C.J., joins.

Lewis v. State , 2017 Ark. App. 442, at 11, 528 S.W.3d 312, 319-20 (citing Gillean v. State , 2015 Ark. App. 698, 478 S.W.3d 255 ).

Brown v. State , 2016 Ark. App. 616, at 6, 509 S.W.3d 671, 675 (citing Bruner v. State , 2013 Ark. 68, at 12, 426 S.W.3d 386, 393 ).

Id. (citing Ark. R. Evid. 901(b)(4) ).

Gulley v. State , 2012 Ark. 368, at 13, 423 S.W.3d 569, 578.

Kauffeld v. State , 2017 Ark. App. 440, 13, 528 S.W.3d 302, 311 (citing Davis v. State , 350 Ark. 22, 86 S.W.3d 872 (2002) ; Doles v. State , 2011 Ark. App. 476, 385 S.W.3d 315 ).

At the time the proffered exhibit was made, the profile picture was different than it had been when appellant initially began contacting her from the account.