Cite as 2019 Ark. App. 376

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-18-500

| | |
|---|---|
| RODERICK MONTGOMERY<br><br>              APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>              APPELLEE | Opinion Delivered: September 18, 2019<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT<br>[NO. 02CR-17-132]<br><br>HONORABLE SAM POPE, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

This is a companion case to *Montgomery v. State*, 2019 Ark. App. 377 (case No. CR-18-508), also handed down today. Both cases have returned to us after rebriefing. *See Montgomery v. State*, 2019 Ark. App. 127; *Montgomery v. State*, 2019 Ark. App. 128. Roderick Montgomery pleaded guilty to four crimes in case No. CR-18-508 for events that occurred in Drew County and pleaded guilty to three crimes in this case for events that occurred in Ashley County. Both counties are located within the Tenth Judicial District. With appellant's consent, the court held one sentencing hearing for all seven convictions. He brings four points on appeal alleging errors in the sentencing hearing.[1] We affirm his convictions.

---

[1]His points on appeal in the Drew County case are identical to those in this case. *Montgomery v. State*, 2019 Ark. App. 377.

Appellant pleaded guilty in the Ashley County Circuit Court to two counts of delivery of methamphetamine, Class C felonies, and one count of delivery of methamphetamine, a Class B felony. After conducting the sentencing hearing before a jury, the court entered a sentencing order in accordance with the jury's verdict, sentencing appellant to three years' imprisonment on each of the Class C felony-methamphetamine convictions and ten years' imprisonment on the Class B felony-methamphetamine conviction, all to run consecutively to each other.

The convictions in the two cases arose out of an undercover investigation in which officer Jason Akers, an agent with the Tenth Judicial District Drug Task Force, arranged various drug buys from appellant during June 2017 in Ashley and Drew Counties. These purchases were arranged though calls and text messages between Officer Akers's cell phone and a cell phone used by appellant. The investigation resulted in his being charged in Drew County with five counts: (1) delivery of methamphetamine, a Class B felony; (2) possession of a defaced firearm, a Class D felony; (3) simultaneous possession of drugs and firearms, a Class Y felony; (4) possession of a firearm by a felon while in the commission of a new offense, a Class B felony; and (5) use of a communication device in the commission of a drug offense, a Class C felony. He was charged with seven counts in Ashley County: (1) two counts of delivery of methamphetamine, a Class C felony; (2) two counts of delivery of marijuana, a misdemeanor; (3) simultaneous possession of drugs and firearms, a Class Y felony; (4) delivery of methamphetamine, a Class B felony; and (5) possession of a firearm by a felon, a Class D felony.

2

On March 7, 2018, appellant entered into a plea agreement with the State pursuant to which he agreed to plead guilty to seven of the combined twelve charges. In Drew County, he pleaded guilty to delivery of methamphetamine, possession of a defaced firearm, possession of a firearm by a felon while in the commission of a new offense, and use of a communication device. The State removed the enhancement on the methamphetamine charge and nolle prossed the simultaneous-possession charge. For the Ashley County charges, appellant pleaded guilty to the three charges of delivery of methamphetamine, and the State agreed to remove the enhancements on those charges and nolle prossed the two delivery-of-marijuana charges, the simultaneous-possession charge, and the felon-in-possession charge. With appellant's consent, the court then proceeded to hold one sentencing hearing before a jury on all seven convictions.

At the sentencing hearing, two officers involved in the investigation and an employee from the Arkansas State Crime Laboratory testified. Appellant, his mother, and his grandmother also testified. The jury recommended a total sentence on all seven convictions of forty-seven years out of a total possible combined sentence of ninety-six years. Appellant did not object to the sentences and filed no posttrial motions.

He has filed an appeal in both cases. The abstracts and arguments in both cases are the same. The difference between the briefs is that the statements of the case refer to the different convictions for which appellant pleaded guilty in the different counties. Here, in the Ashley County case, appellant pleaded guilty to, and was convicted of, two counts of

3

delivery of methamphetamine, Class C felonies, and one count of delivery of methamphetamine, a Class B felony.

I. *State Breached Plea Agreement by Alluding to Additional Crimes*

For his first point on appeal, appellant contends that the State breached his plea agreement by alluding to additional crimes in closing argument at the sentencing hearing. Specifically, appellant argues that the prosecutor implied that appellant had sold drugs more than five times and committed more crimes than he had been charged with. We do not reach the merits of his arguments because the issue is not preserved for our review. We will not review any alleged error in the State's closing argument absent a contemporaneous objection at trial. *Lard v. State*, 2014 Ark. 1, at 26, 431 S.W.3d 249, 268. Although appellant did object during the closing argument to the prosecutor's statements about the amount of methamphetamine appellant had been convicted of delivering, this objection occurred in the record over two pages after the allegedly improper statements and was directed not at the statements appellant now argues were improper but at specific calculations of the amount of methamphetamine sold. Thus, appellant cannot now challenge the statements on appeal. *Akram v. State*, 2018 Ark. App. 504, at 7–8, 560 S.W.3d 509, 514.

We also reject appellant's unsupported contention that the statements "so fundamentally altered the proceeding" that they warrant relief under *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Our supreme court has recognized four exceptions to the basic requirement of an objection in the circuit court. *Id.* at 785–87, 606 S.W.2d at

4

369–70. Two of the exceptions occur in death-penalty cases and so are not applicable here. *Id.* at 785–86, 606 S.W.2d at 369. The third exception occurs when an error is so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury correctly. *Anderson v. State*, 353 Ark. 384, 395, 108 S.W.3d 592, 599 (2003). With respect to this exception, the *Wicks* court cautioned that an appellant "cannot predicate error upon the failure of the court to make a ruling that he did not at the time ask the court to make, unless the remarks were so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury not to consider the same." *Wicks*, 270 Ark. at 786, 606 S.W.2d at 370. That is not the case here. Finally, the *Wicks* court noted a fourth possible exception of "errors affecting substantial rights, although they were not brought to the attention of the trial court." *Anderson*, 353 Ark. at 395, 108 S.W.3d at 599. This exception does not, however, impose an affirmative duty and at most applies only to a ruling that admits or excludes evidence. *Buckley v. State*, 349 Ark. 53, 66, 76 S.W.3d 825, 833 (2002). This appeal is from a sentencing hearing, and the challenged statements were not evidence but arguments in closing. Case law is clear that these are narrow exceptions to be rarely applied. *Anderson*, 353 Ark. at 398, 108 S.W.3d at 600. We hold that this is not one of the rare exceptions to which *Wicks* referred.

II. *Circuit Court Abused its Discretion in Admitting Texts and a Photo*

Next, appellant challenges the circuit court's admission into evidence of two items: screenshots from Officer Akers's cell phone of texts between him and appellant about the

transactions for which appellant pleaded guilty and a photograph of appellant from Facebook. Because appellant failed to object to the Facebook photo, this argument is not preserved for our review. *Miller v. State*, 2010 Ark. 1, at 29, 362 S.W.3d 264, 282.

We turn to his argument about the introduction of the screenshots of text messages from Officer Akers's cell phone. Appellant argues that the texts were not authenticated, constituted hearsay, and were more prejudicial than probative. We start with the posture of this case, which is an appeal from a sentencing hearing. Appellant pleaded guilty to the crimes for which he was sentenced, including several convictions for delivery of methamphetamine, possession of a defaced firearm, and use of a communication device in the commission of a drug offense. He also consented to the court's holding one sentencing hearing on all convictions. Thus, the evidence he complains of was not introduced to aid in convicting appellant but to aid the jury in determining the appropriate sentences.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse a circuit court's decision regarding the admission of evidence absent a manifest abuse of discretion. *Morris v. State*, 358 Ark. 455, 458, 193 S.W.3d 243, 246 (2004). The abuse-of-discretion standard does not simply require error in the circuit court's decision; rather, it requires that the lower court act improvidently, thoughtlessly, or without due consideration. *Jackson v. State*, 2018 Ark. App. 222, at 4, 547 S.W.3d 753, 756. Furthermore, we will not reverse an evidentiary ruling absent a showing of prejudice. *Id.*

All relevant evidence on the question of sentencing may be considered by the sentencing body. *Marshall v. State*, 342 Ark. 172, 175, 27 S.W.3d 392, 394 (2000). Although admissibility is governed by the Arkansas Rules of Evidence, pursuant to Arkansas Code Annotated section 16-97-103 (Repl. 2016), certain evidence is admissible at sentencing that would not have been admissible at the guilt phase of the trial. In addition to other evidence, Ark. Code Ann. § 16-97-103 allows for relevant character evidence, evidence of aggravating or mitigating circumstances, and evidence relevant to guilt to be presented during the penalty phase. Ark. Code Ann. § 16-97-103(5), (6), (7). Evidence of uncharged and subsequent misconduct has been held admissible as relevant to sentencing—*see, e.g.*, *Crawford v. State*, 362 Ark. 301, 208 S.W.3d 146 (2005) (holding evidence of subsequent drug offenses admissible during sentencing); *Davis v. State*, 60 Ark. App. 179, 962 S.W.2d 815 (1998) (finding no error in circuit court's admission of prior, uncharged misconduct during sentencing phase)—as has evidence regarding the circumstances of the crime. *Doles v. State*, 2011 Ark. App. 476, 385 S.W.3d 315. Further, our supreme court has held that the list set forth in Ark. Code Ann. § 16-97-103 is not exhaustive and that the circuit court is not obligated to limit evidence during the sentencing phase to only the categories listed in the statute. *Crawford*, 362 Ark. at 305, 208 S.W.3d at 149.

Appellant challenges the text messages in this case on authentication, hearsay, and relevance—that is, that the probative value of the evidence was outweighed by the danger of unfair prejudice due to the offensive language in the texts. Arkansas Rule of Evidence 901(a) (2018) provides that the requirement of authentication or identification as a

7

condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Authentication requirements are satisfied if the court, in its discretion, concludes that the evidence presented is genuine and, in reasonable probability, has not been tampered with or altered in any significant manner. *Farmer v. State*, 2019 Ark. App. 148, at 11, 571 S.W.3d 78, 84. We review the authentication of text messages for an abuse of discretion and do not reverse absent a showing of prejudice.

*Id.* at 10, 571 S.W.3d at 84. Here, appellant pleaded guilty to using a communication device in the commission of a drug offense. Thus, he had already admitted to using a phone to commit the crimes. Second, Officer Akers testified that he had communicated with appellant by phone and by text. The screenshots of the text messages were taken from the cell phone Officer Akers used in these communications. He testified that the screenshots were texts of a continuing text conversation he had with appellant. He also said that the texts were from the same number of the phone on which he spoke with appellant. Finally, he described the transactions discussed in the texts for which appellant later pleaded guilty. The texts concerned the precise events that Officer Akers testified occurred between him and appellant. Moreover, the State was entitled to introduce evidence of the circumstances of the crime in a sentencing hearing. Ark. Code Ann. § 16-97-103(7); *Doles*, 2011 Ark. App. 476, at 5–6, 385 S.W.3d at 318.

Appellant also argues that the text messages constitute hearsay and that the vulgar language in the texts caused the texts' probative value to be outweighed by the danger of unfair prejudice. Under the circumstances presented here, we need not decide whether the court erred in failing to exclude the screenshots of the text messages. Even if the court erred, appellant has shown no prejudice; further, any error was harmless. Prejudice is not presumed, and we will not reverse a conviction absent a showing of prejudice. *Farmer*, 2019 Ark. App. 148, at 12, 571 S.W.3d at 85. Appellant had already pleaded guilty to the crimes. The evidence was introduced to aid the jury in determining a sentence. Appellant claims that this evidence caused the jury to give him a harsher sentence than it would have otherwise. The jury recommended a total sentence on all seven convictions of forty-seven years out of a total possible combined sentence of ninety-six years. All the sentences were to run consecutively except for the sentence for use of a communication device, which runs concurrently. A defendant who has received a sentence within the statutory range short of the maximum sentence cannot show prejudice from the sentence itself. *Bond v. State*, 374 Ark. 332, 340, 288 S.W.3d 206, 212 (2008). Appellant provides no evidence of other prejudice due to the admission of this evidence. We reject his arguments.

III. *Sentences Were Not Supported by the Evidence and Were Cruel and Unusual*

For his third point on appeal, appellant attacks the sentences imposed by the jury. First, he contends that the evidence presented at the sentencing hearing established that he did not, in fact, possess a defaced firearm. Next, he argues that the jury improperly considered acts in addition to the offenses to which he pleaded guilty in determining his

sentence, including inferences from his clothing in a Facebook photo, a previous battery conviction involving his pregnant girlfriend, and a previous conviction for possession of marijuana. Finally, he contends that his sentences violate the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Because he did not raise any of these arguments in the circuit court, we do not address them. It is well-settled that even constitutional issues may not be raised for the first time on appeal. *Callaway v. State*, 368 Ark. 412, 414, 246 S.W.3d 889, 890 (2007).

We also note that appellant pleaded guilty to possession of a defaced firearm. Thus, he waived any argument that the evidence was insufficient to sustain his conviction. *Standridge v. State*, 2012 Ark. App. 563, at 6, 423 S.W.3d 677, 681. Moreover, appellant was sentenced to forty-seven years' imprisonment out of a possible ninety-six years. The Eighth Amendment forbids extreme sentences that are "grossly disproportionate to the crime" and states that these "are exceedingly rare." *Ewing v. California*, 538 U.S. 11, 21 (2003).

Affirmed.

HARRISON and MURPHY, JJ., agree.

*Ben Motal*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael A. Hylden*, Ass't Att'y Gen., for appellee.