Cite as 2019 Ark. 370

# SUPREME COURT OF ARKANSAS

No. CR-97-1490

| | |
|---|---|
| CHRISTOPHER EPPS<br>PETITIONER | **Opinion Delivered** December 12, 2019 |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | PRO SE MOTION REQUESTING COPY OF RECORDS [BOONE COUNTY CIRCUIT COURT, NO. 05CR-96-282] |
| | MOTION DENIED. |

KAREN R. BAKER, **Associate Justice**

Petitioner Christopher Epps filed a pro se motion requesting copies of his case file pursuant to Rule 19(b) of the Arkansas Rules of Appellate Procedure –Criminal (2018).[1] Epps's motion includes a certificate of service on Gregg Parrish, executive director of the Arkansas Public Defender Commission, and Charles Duell, prosecuting attorney for the Fourth Judicial District. Parrish responded to Epps's motion in his capacity as executive director of the Arkansas Public Defender Commission. Because Epps has not demonstrated a compelling need for paper copies, the motion is denied.

A review of the motion and response demonstrates that both parties do not contest the following facts: that the lead counsel in Epps's criminal trial was Buford Gardner, who was the chief public defender for Boone County and represented Epps during the guilt

---

[1]In 1997, Epps was convicted by a jury as an accomplice to one count of kidnapping and one count of capital murder, and he was sentenced to life without parole plus 480 months' imprisonment. We affirmed. *Epps v. State*, CR-97-1490 (Ark. Apr. 20, 2000) (unpublished).

phase of the trial and who is now deceased; that Duell, who is currently serving as a prosecutor in Madison and Benton Counties, had previously been a public defender who represented Epps during the penalty phase of the trial but does not possess a copy of Epps's case file and is not in a position to obtain such; that Parrish did not represent Epps either at trial or on appeal but has responded to the request for copies due to his position as executive director of the Arkansas Public Defender Commission; that at Parrish's request, the Boone County public defender's office attempted to locate Epps's case file and could not; that Parrish requested copies of the case file from the Boone County Circuit Court, which provided Parrish with an electronic disk that contained the court's file; that Parrish has agreed to forward this electronic disk to Epps.

The only issue in dispute here is Epps's request that this court order Parrish to provide paper copies of the material contained on the electronic disk provided to Parrish by the circuit court. Parrish responds that because he never represented Epps either at trial or on appeal, he does not possess paper copies of a client file and is not obligated under the Rules of Professional Conduct to convert the electronically stored material to paper. Ark. R. Prof'l Conduct 1.16(d) (2018) (the attorney is to provide only what already exists in his or her possession); *Geatches v. State*, 2016 Ark. 452, 505 S.W.3d 691.

Arkansas Rule of Appellate Procedure –Crim. 19 provides that "if the moving party seeks a photocopy (as opposed to a disk or other electronic medium), he or she must demonstrate some compelling need for the brief, record, or transcript." Here, Epps states that he needs paper copies of his case file in order to file a petition for postconviction relief

2

because two of his codefendants have received such relief. Epps has cited no postconviction remedy that would be available to him and has otherwise made no showing of a compelling need for paper copies of the electronically stored material. *Geatches*, *supra*.

Motion denied.