Cite as 2025 Ark. App. 9

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-24-327

| | |
|---|---|
| MICHAEL PRESTON CARTER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered January 15, 2025<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT<br>[NO. 02CR-20-274]<br><br>HONORABLE ROBERT B. GIBSON III, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**ROBERT J. GLADWIN, Judge**

Appellant Michael Preston Carter ("Carter") appeals the Ashley County Circuit Court's order revoking his suspended imposition of sentence ("SIS") in case No. 02CR-20-274 and sentencing him to seven years in the Arkansas Division of Correction ("ADC") for his possession-of-methamphetamine conviction and seven years in the ADC for his possession-of-drug-paraphernalia conviction to run concurrently. Carter's counsel filed a motion to withdraw and no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2023), asserting that there is no merit to an appeal. Carter was provided a copy of his counsel's brief and motion, but he did not file any pro se points for reversal; thus, the State did not file a reply brief.

From our review of the record and the brief presented, we hold that counsel's brief is in compliance with the directives of *Anders* and Rule 4-3(b)(1) and that there are no issues of arguable merit to support an appeal. Accordingly, we affirm the revocation of Carter's SIS and grant counsel's motion to withdraw. This is a companion case to *Carter v. State*, 2025 Ark. App. 10, also handed down today.

## I. *Background Facts*

Carter negotiated a plea of guilty to the felony offense of possession of methamphetamine and possession drug paraphernalia, both Class D felonies punishable as a habitual offender in case No. 02CR-20-274. He agreed to a sentence of ninety-six months' imprisonment in the ADC with an additional SIS of forty-eight months for the charge of possession of methamphetamine, and a sentence of ninety-six months' imprisonment in the ADC with an additional SIS of forty-eight months for the charge of possession of drug paraphernalia. The sentences were to run concurrently. The sentencing order was entered on July 28, 2021.

In companion case, No. 02CR-21-76, Carter negotiated a plea of guilty to the felony offense of possession of methamphetamine, a Class D felony punishable as a habitual offender. Thereafter, he agreed to a sentence of ninety-six months' imprisonment in the ADC with an additional SIS of forty-eight months. The sentencing order was entered on June 26, 2021.

On January 26, 2024, the State filed a revocation petition in both cases alleging that on or about December 12, 2023, Carter willfully violated the terms and conditions of his

probation or suspended sentence. Carter was charged with possession of methamphetamine, a Class D felony—punishable as a habitual offender—and possession of drug paraphernalia after having previously been convicted of a drug offense, a Class D felony.

A revocation hearing was held on February 26, 2024, with the disposition hearing held on March 13, 2024. The State presented one witness at the hearing. Josh Pollock, a detective with the Ashley County Sheriff's Department, testified that he assisted Agent Tim Sivils with probation-and-parole visits. During a home visit to Carter's residence in Ashley County, they saw him leave his house, and they made a traffic stop. As a part of Carter's parole and his conditions of SIS, he had a search waiver authorizing the officers to search his vehicle. While testifying about what he found, Carter objected to Detective Pollock's testimony that the substance he found was methamphetamine because the crime lab had not returned any results. The circuit court sustained the objection but ruled that the detective could state what he believed the substance was. Detective Pollock stated that he believed the substance found in the vehicle was methamphetamine and that the officers had also found a pipe.

Detective Pollock and Agent Sivils then went to Carter's home where he lived with his grandmother. In his bedroom, the officers found more suspected methamphetamine and several pipes. During the traffic stop, Carter admitted he had more methamphetamine at his house. Detective Pollock opined that the pipes found in Carter's room are the type used to ingest methamphetamine.

On cross-examination, Detective Pollock testified that Carter told him he had methamphetamine in his pants when the officers were searching his car. He explained that the pipes found had a burnt looking residue, noting that methamphetamine leaves a white burned-ash residue, while marijuana leaves an ash like burned wood. Carter told the officers that he needed help for a drug problem and remained calm and cooperative during the searches.

Carter then testified in his own defense. He stated that he was not asking to get out of any charges and admitted that he is a drug addict or a "junkie." He asked the circuit court for drug rehabilitation and noted that he had never been offered any form of rehabilitation in the past. Moreover, he testified to having an issue with drugs since he returned home from serving in the Army in Iraq in 2006. A copy of his DD214 was admitted into evidence, showing that he had been to Iraq for fifteen months and received the Global War on Terrorism Service Medal. Carter also testified that he started paperwork with the VA to enter a twenty-month rehab.

On cross-examination, Carter stated that he was discharged from the Army because he failed a drug test. The State questioned Carter about his previous charges for aggravated assault, drunk driving, criminal mischief, and endangering the welfare of a minor. Carter acknowledged that every criminal charge stemmed from drug or alcohol abuse.

At the conclusion of the hearing, the circuit court found by a preponderance of the evidence that Carter had violated the terms and conditions of his SIS and noted that he had seven years left on his sentence in case No. 02CR-21-76 that could be imposed. However,

4

the circuit court delayed sentencing to explore Carter's options for rehabilitation programs with the VA and directed Agent Sivils to find out if Carter completed any programs while he was in the ADC. On March 13, 2024, the court reconvened, and Agent Sivils testified that a review of Carter's file revealed that he had been in the ADC multiple times—the majority of which were for possession of less than two grams of methamphetamine. Sivils further testified that when Carter was released from the ADC on parole in February 2023, Carter was asked if he wanted to receive substance-abuse treatment, and he declined. Ultimately, the circuit court held that because Carter had previously declined treatment, no other alternatives were available, and it imposed his sentences. The court sentenced Carter to eighty-four months in the ADC in case No. 02CR-21-76 and two seven-year sentences—to run concurrently—in case No. 02CR-20-274. The sentences for both cases were ordered to be served consecutively. Both sentencing orders were filed on March 15, 2024, and Carter timely appealed both orders. This appeal followed.

## II. *Standard of Review*

Because this is a no-merit appeal, Rule 4-3(b) requires the argument section of the brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions[,] and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." Ark. Sup. Ct. R. 4-3(b)(1). The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision

5

on counsel's motion to withdraw. *Harvey v. State*, 2022 Ark. App. 283, at 5, 646 S.W.3d 292, 295. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

### III. *Discussion*

Carter's counsel maintains that there are no adverse rulings in this case to be discussed other than (1) the revocation of Carter's SIS, and (2) the circuit court's imposition of sentence instead of granting Carter's request for drug rehabilitation.

In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant violated the terms of his or her suspended sentence as alleged in the revocation petition, and we will not reverse the circuit court's decision to revoke a suspended sentence unless it is clearly against the preponderance of the evidence. *Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274. The State need only show that the appellant committed one violation to sustain a revocation. *Id.*; *see also* Ark. Code Ann. § 16-93-308(d) (Supp. 2023). Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, appellate courts defer to the circuit court's superior position for assessing these factors. *Stewart v. State*, 2021 Ark. App. 289, 624 S.W.3d 357.

In his no-merit brief, counsel accurately states that there can be no meritorious challenge to the sufficiency of the evidence supporting the revocation. Carter admitted at the hearing that he possessed the methamphetamine found during the searches; thus, the

circuit court was correct in finding by a preponderance of the evidence that Carter violated the terms and conditions of his SIS.

Next, the circuit court has multiple sentencing options after a defendant has been found to have violated the conditions of his SIS in a revocation proceeding, including revoking the defendant's SIS and imposing any sentence that might have been imposed originally for the offense of which the defendant was found guilty. Ark. Code Ann. § 16-93-308(g)(1). Furthermore, a defendant who is sentenced within the statutory range and short of the maximum sentence cannot establish prejudice. *Montgomery v. State*, 2019 Ark. App. 376, 586 S.W.3d 188. The decision to allow alternative sentencing is reviewed for an abuse of discretion, which is a high threshold requiring that a circuit court act improvidently, thoughtlessly, or without due consideration. *Winston v. State*, 2024 Ark. App. 24, 683 S.W.3d 195.

Here, the circuit court did not abuse its discretion in denying Carter's request for drug treatment rather than sentencing. The court considered the request—even taking sentencing under advisement—and later made its finding that Carter's criminal history combined with the evidence before the court that Carter had previously declined drug treatment left no other reasonable alternatives to sentencing.

IV. *Conclusion*

Accordingly, from our review of the record and the brief presented to us, we find compliance with Rule 4-3(b); there is no issue of arguable merit to appeal. We affirm the revocation of Carter's SIS in case No. 02CR-20-274 and grant counsel's motion to withdraw.

7

Affirmed; motion to withdraw granted.

ABRAMSON and WOOD, JJ., agree.

*Vicki Lucas*, for appellant.

One brief only.